*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 08a0258p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

BERNARD FIDEL, et al., on behalf of themselves and
all others similarly situated,
                                    *Lead Plaintiffs-Appellees,*

JAMES J. HAYES,
                                    *Plaintiff-Appellant,*

          *v.*

WILLIAM FARLEY, et al.,
                                    *Defendants.*

No. 06-5550

Appeal from the United States District Court
for the Western District of Kentucky at Bowling Green.
No. 00-00048—Joseph H. McKinley, Jr., District Judge.

Submitted: June 11, 2008

Decided and Filed: July 18, 2008

Before: GIBBONS and SUTTON, Circuit Judges; ACKERMAN, District Judge.[*]

_____

## COUNSEL

**ON BRIEF:** Eric A. Isaacson, COUGHLIN, STOIA, GELLER, RUDMAN & ROBBINS, San
Francisco, California, for Appellees. James J. Hayes, Annandale, Virginia, pro se.

_____

## OPINION

_____

        JULIA SMITH GIBBONS, Circuit Judge. Plaintiff-appellant James J. Hayes, appearing *pro
se*, seeks review of the district court's approval of a settlement in this securities class action brought
against Fruit of the Loom. Hayes, a nonnamed member of a class of Fruit of the Loom shareholders,
contends that the district court erred in approving the settlement because certain class members,
including Hayes, received notice of the settlement after the deadline for objecting to the settlement.
Hayes maintains that the settlement should be set aside and the class renotified. Additionally, Hayes
requests that the attorney's fees granted by the district court to class counsel be reduced due to the

_____

[*] The Honorable Harold A. Ackerman, Senior United States District Judge for the District of New Jersey, sitting
by designation.

alleged deficiencies in providing notice to the class. In turn, the lead plaintiffs—the appellees in the instant case—argue that this court should decline to hear Hayes's appeal because Hayes, as a nonintervening, nonnamed class member, is not a "party" for purposes of appealing the settlement.

We conclude that Hayes has the power to bring this appeal, notwithstanding his status as a nonintervening, nonnamed class member. Nonetheless, we affirm the district court's order approving the settlement, as well as the court's award of attorney's fees to class counsel.

I.

This case arises out of the settlement of two consolidated class action lawsuits alleging that defendants, Fruit of the Loom and a number of its executives, engaged in fraudulent conduct that inflated the market price of Fruit of the Loom's stock. *See New England Health Care Employee's Pension Fund v. Fruit of the Loom, Inc.*, 234 F.R.D. 627, 630 (W.D. Ky. 2006). The first case, *New England Health Care Employees Pension Fund v. Farley* ("New England"), involves a class of shareholders who purchased Fruit of the Loom stock between July 24, 1996, and September 5, 1997. In the second case, *Fidel v. Farley* ("Fidel"), the class encompasses all shareholders who acquired Fruit of the Loom stock from September 28, 1998 through November 4, 1999. Hayes is a member of the class in the Fidel action; however, he is not a named plaintiff.

Counsel agreed upon a $23.2 million settlement in the New England action and a $19.1 million settlement in the Fidel action. On December 16, 2005, the district court preliminarily approved the proposed settlements and provided for notice to the class members. Pursuant to the district court's order, the claims administrator, Gilardi & Company, LLC, was to mail notice of the settlement to the class members by December 19, 2005, and publish notice of the settlement in the national edition of *Investor's Business Daily*.[1] Fruit of the Loom's transfer agent, Mellon Investment Services, was unable to identify any potential class members for the claims administrator. Accordingly, on December 19, the claims administrator sent a cover letter with the notice and proof of claim to eighty-four entities, most of which were major brokerage houses. The letter advised the brokerage houses—which hold securities in "street name" for the benefit of their customers[2]—of the settlement and requested their cooperation in forwarding notice to their beneficiaries. Specifically, the letter asked the brokerage houses to either provide the names of class members or forward a copy of the notice to class members within ten days. In either case, the cost of providing the notice would be paid by plaintiffs' counsel.

Ultimately, claim packages were sent to over 11,568 potential class members in the New England action and to over 17,717 potential class members in the Fidel action. However, Hayes's broker, National Investor Services, did not respond to the claims administrator's December 19 letter. The claims administrator thus sent follow-up letters to National Investor Services on January 4, 2006, and January 20, 2006. On February 8, 2006, the claims administrator received a list of 3,663 potential class members from National Investor Services. Eight business days later, on February 21, 2006, the claims administrator mailed the notice to those potential class members.

Hayes claims that he received the notice on February 27, 2006. The notice, however, specified that class members had until February 3, 2006, to opt out of the class or object to the settlement. On March 4, 2006, Hayes penned an objection letter to the district court, in which he

---

[1] Notice was also published on the internet.

[2] Generally, when a customer buys securities through a brokerage firm, the firm holds the securities in its own name—*i.e.*, "street name"—and not in the customer's name. The brokerage firm, of course, maintains records indicating the name of the customer who is the beneficial owner of the securities. *See* Street Name, U.S. Securities and Exchange Commission, http://www.sec.gov/answers/street.htm.

noted that some class members, including Hayes himself, had not received timely notice of the settlement. Hayes requested that the court either renotify the class or, in the alternative, reduce the attorney's fees award granted to plaintiffs' counsel. The district court received Hayes's letter on March 8, 2006—several days after the March 3, 2006 fairness hearing regarding the settlement. Nonetheless, the court considered and rejected Hayes's objection on the merits. *See New England*, 234 F.R.D. at 632 n.2. At the outset, the court observed that Hayes did not appear to object to the substance of the settlement, but only to the timeliness of notice and the attorney's fees award. *Id.* As to the issue of notice, the court explained that it had received no indication that notice was not timely received by any other class members and, moreover, the claims administrator averred that notice was mailed to the brokerage firms by December 19, 2005. *Id.* The court thus concluded that "the notices allowed members of the class a full and fair opportunity to consider the proposed settlement." *Id.* The court then affirmed the settlement and awarded attorney's fees at the rate of twenty-five percent of the total settlement fund. *Id.* at 632-35.

On March 22, 2006, plaintiffs in the Fidel action filed a response to Hayes's objection. Hayes, however, simply filed a notice of appeal as to the district court's order approving the settlement and awarding attorney's fees.

## II.

Generally, non-parties cannot appeal from an order of the district court, unless they have first sought leave to intervene as party. *See Marino v. Ortiz*, 484 U.S. 301, 304 (1988) ("The rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled."). Hayes is a nonnamed member of the Fidel class who did not seek leave to intervene as a party; thus, at first glance, it would seem that Hayes does not have the capacity to bring this appeal. Recently, however, the Supreme Court recognized that a nonnamed member of a mandatory Rule 23(b)(1) class who has objected in a timely manner to approval of a settlement at a fairness hearing has the power to bring an appeal without first intervening. *Devlin v. Scardelletti*, 536 U.S. 1, 14 (2002).[3] At the outset, the Court clarified that the question presented by such an appeal is not one of "standing"; nonnamed class members, the Court explained, satisfy both the "case or controversy" requirements and the prudential standing requirements. *Id.* at 6-7. Rather, "[w]hat is at issue . . . is whether petitioner should be considered a 'party' for the purposes of appealing the approval of the settlement." *Id.* at 7. Answering this question affirmatively, the Court explained,

> What is most important to this case is that nonnamed class members are parties to the proceedings in the sense of being bound by the settlement. It is this feature of class action litigation that requires that class members be allowed to appeal the approval of a settlement when they have objected at the fairness hearing. To hold otherwise would deprive nonnamed class members of the power to preserve their own interests in a settlement that will ultimately bind them, despite their expressed objections before the trial court. Particularly in light of the fact that petitioner had no ability to opt out of the settlement, *see* Fed. Rule Civ. Proc. 23(b)(1), appealing the approval of the settlement is petitioner's only means of protecting himself from being bound by a disposition of his rights he finds unacceptable and that a reviewing court might find legally inadequate.

*Id.* at 10-11.

---

[3]*Devlin* abrogated *Shults v. Champion Int'l Corp.*, 35 F.3d 1056, 1061 (6th Cir. 1994), the Sixth Circuit precedent on this issue.

Here, Hayes was a member of a Rule 23(b)(3) class; in other words, Hayes—unlike the petitioner in *Devlin*—technically had the opportunity to opt out of the settlement and avoid its binding effect. Seizing upon this distinction, lead plaintiffs contend that *Devlin's* holding should not be extended to Rule 23(b)(3) class members, and, consequently, Hayes should not be permitted to appeal the Fidel class action settlement. We disagree. In *Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 572 (9th Cir. 2004), the Ninth Circuit, applying *Devlin*, permitted Rule 23(b)(3) class members to appeal the approval of a settlement, even though the appellant class members could have opted out of the settlement to escape its binding effect. We are persuaded by this broad reading of *Delvin*. The reality of class action litigation—wherein each class member is generally entitled to only a small damages claim—necessitates the application of *Devlin* to Rule 23(b)(3) class actions. As the *Churchill Village* court explained, "Because each objector's claim is too small to justify individual litigation, a class action is the only feasible means of obtaining relief . . . . [T]he settlement will effectively bind the objectors. They therefore occupy precisely the status the *Devlin* Court sought to protect." *Id.*[4]

We therefore decline to "deprive nonnamed class members of the power to preserve their own interests in a settlement that will ultimately bind them," *Devlin*, 536 U.S. at 10, and conclude that Hayes, though a nonintervening, nonnamed class member, is nonetheless a "party" for the purpose of appealing the district court's approval of the Fidel class action settlement.

III.

Hayes contends that the district court erred in approving the settlement because approximately 20% of the Fidel class members, including Hayes, received untimely notice. We review a district court's approval of a settlement as fair, adequate, and reasonable for abuse of discretion. *Bailey v. Great Lakes Canning, Inc.*, 908 F.2d 38, 42 (6th Cir. 1990). Hayes, however, does not appear to quibble with the substance of the settlement agreement, but, rather, with the adequacy of the notice provided to the class members. "[W]hether a particular class action notice program satisfies the requirements of Fed. R. Civ. P. 23 and the Due Process Clause is a legal determination we review *de novo*." *DeJulius v. New England Health Care Employees Pension Fund*, 429 F.3d 935, 942 (10th Cir. 2005). Factual findings regarding notice are reviewed for clear error. *Id.*

Pursuant to Federal Rule of Civil Procedure 23(e)(1), a district court, when approving a class action settlement, "must direct notice in a reasonable manner to all class members who would be bound by the proposal." Additionally, "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The Due Process Clause, moreover, gives unnamed class members the right to notice of the settlement of a class action. *DeJulius*, 429 F.3d at 943-44 (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950)); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974)). To comport with the requirements of due process, notice must be "reasonably calculated to reach interested parties." *Karkoukli's, Inc. v. Dohany*, 409 F.3d 279, 283 (6th Cir. 2005) (quoting *Mullane*, 399 U.S. at 318-20); *see also DeJulius*, 429 F.3d at 944. Due process does not, however, require *actual* notice to each party intended to be bound by the adjudication of a representative action. *DeJulius*, 429 F.3d at 944 (citing *Mullane*, 339 U.S. at 313-14); *In re Integra Realty Res.,*

_____

[4]We acknowledge that the Arkansas Supreme Court has suggested that *Devlin* might apply exclusively to mandatory Rule 23(b)(1) classes and not to opt-out Rule 23(b)(3) classes. *See Ballard v. Advance Am.*, 79 S.W.3d 835, 837 (Ark. 2002) (limiting, under state law, the right of class members to appeal because "[u]nlike the petitioner in *Devlin*, appellants had the ability to opt out of the settlement and avoid being bound by it"); *see also In re Gen. Am. Life Ins. Co. Sales Practices Litig.*, 302 F.3d 799, 800 (8th Cir. 2002) (expressing approval of *Ballard's* holding in dicta). We are nonetheless persuaded by the Ninth Circuit's reasoning on this issue.

*Inc.*, 262 F.3d 1089, 1110-11 (10th Cir. 2001); *Silber v. Mabon*, 18 F.3d 1449, 1453-54 (9th Cir. 1994).

This court has not yet had the opportunity to examine the reasonableness of notice in a shareholder class action wherein class members hold securities in street name. However, case law from other courts provides guidance on this issue. Addressing a similar claim to the one presented here, the Ninth Circuit noted, "the question before us . . . is not whether some individual shareholders got adequate notice, but whether the class as a whole had notice adequate to flush out whatever objections might reasonably be raised to the settlement." *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993). Indeed, in each case in which a court has confronted this issue, notice provided to the class members' nominees—*i.e.*, the brokerage houses—has been deemed sufficient even if brokerage houses failed to timely forward the notice to the beneficial owners. *See DeJulius*, 429 F.3d at 936, 945-47 (finding notice sufficient where appellants, two beneficial owners, received notice of class settlement two weeks after deadline for filing objections and on the same day as the final fairness hearing); *Torrisi*, 8 F.3d at 1374-75 (concluding notice was sufficient where notice was mailed to some beneficial owners after deadline for filing objections had passed); *Silber*, 18 F.3d at 1453-54 (finding notice adequate where, due to late response of brokerage house, 1000 beneficial owners received notice after the opt-out deadline). Moreover, these decisions comport with notice principles articulated in the context of corporate law. *See, e.g.*, *Enstar Corp. v. Senouf*, 535 A.2d 1351, 1354-55 (Del. 1987) (noting that the "attendant risks" of owning stock registered in street name, including the risk that the shareholder may not receive notice of corporate proceedings, are borne by the stockholder); *Gilliland v. Motorola, Inc.*, 859 A.2d 80, 85 (Del. Ch. Ct. 2004) (holding that obligation to provide notice of merger was satisfied by sending notice to brokers or fiduciaries holding stock on behalf of beneficial owners); *see also In re MCA, Inc. S'holders Litig.*, No. 11740, 1993 WL 43024, at *5 (Del. Ch. Ct. Feb. 16, 1993) (applying *Enstar* in concluding that notice of class action settlement was sufficient although many shareholders who held shares in street name did not receive timely notice).

In the instant case, the claims administrator, having been informed that individual class members could not be identified by Fruit of the Loom's transfer agent, mailed notice to eighty-four brokerage houses and nominees on December 19, 2005—forty-six days prior to the February 3, 2006 deadline to opt out or object to the settlement. This forty-six-day period, as lead plaintiffs note, was significantly longer than the notice periods approved by the Ninth and the Tenth Circuits in similar securities class action cases. *See DeJulius*, 429 F.3d at 940, 946-47 (thirty-two days afforded between mailing of notice and deadline to opt out or object); *Silber*, 18 F.3d at 1451-52, 1454 (forty days afforded between mailing of notice and deadline to opt out or object); *Torrisi*, 8 F.3d at 1373, 1375 (thirty-one days afforded between mailing of notice and deadline to opt out or object).

Moreover, when Hayes's brokerage house, National Investor Services, did not respond to the initial notice letter, the claims administrator sent two follow-up letters on January 4, 2006 and January 20, 2006. Summary notice was also published in *Investor's Business Daily*, as well as on the internet. Finally, the manner in which the Fidel claims administrator requested cooperation from the brokerage houses in forwarding notice to their beneficiaries was substantially similar to that approved by the *DeJulius* court: in both cases, the brokerage houses were asked to, within ten days, either provide a list of beneficial owners to the claims administrator or forward the notice to the beneficial owners themselves, with all costs being reimbursed by the plaintiffs' counsel. *See DeJulius*, 429 F.3d at 940. Thus, we conclude that the notice scheme in this case was "reasonably calculated to reach interested parties," *see Karkoukli's*, 409 F.3d at 283, such that it comported with the requirements of both due process and Rule 23(c)(2)(B). *Cf. DeJulius*, 429 F.3d at 944 ("The legal standards for satisfying Rule 23(c)(2)(B) and the constitutional guarantee of procedural due process are coextensive and substantially similar.").

Finally, we note that individual class members who do not receive timely notice are not without recourse. "If an individual shareholder later claims he did not receive adequate notice and therefore should not be bound by the settlement, he can litigate that issue on an individual basis when the settlement is raised as a bar to a lawsuit he has brought." *Torrisi*, 8 F.3d at 1375; *see also DeJulius*, 429 F.3d at 947 n.14. Indeed, in the instant action, it does not appear that Hayes himself suffered prejudice as a result of the untimely notice, as the district court considered and rejected his objection to the settlement on the merits. *See New England*, 234 F.R.D. at 632 n.2.

Accordingly, the district court did not err in approving the settlement.

## IV.

Because we have determined that the notice provided was adequate, we need not discuss Hayes's proposed "remedy"—a reduction of the attorney's fees award granted to class counsel.[5]

## V.

For the foregoing reasons, we affirm the judgment of the district court.

---

[5] Hayes also asks the court to apply the relief he requests to the New England class. Hayes, however, does not claim to be a member of the New England class, nor did he file a notice of appeal in the New England action. We therefore have no jurisdiction over Hayes's objections to the New England class settlement. *See, e.g.*, *Gnesys, Inc. v. Greene*, 437 F.3d 482, 487 (6th Cir. 2005) (noting that "compliance with the notice of appeal rule is a jurisdictional prerequisite which this court can neither waive nor extend" (citation and brackets omitted)); *see also Tn. Ass'n of Health Maintenance Orgs., Inc. v. Grier*, 262 F.3d 559, 566 (6th Cir. 2001) (holding that, under Federal Rule of Civil Procedure 23(e), non-class members do not have standing to object to alleged lack of notice given to class members).