**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0264n.06
Filed: April 7, 2009

**Nos. 08-3166/08-3354**

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | |
|---|---|
| MICHAEL A. BAILEY, et al., | ) |
| | ) |
|     Plaintiffs-Appellees, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR |
| ANTHONY C. WHITE, RUSSELL HUDSON, | ) THE SOUTHERN DISTRICT OF |
| JOHN L. WAGNER, and DONALD R. MAGEE, | ) OHIO |
| | ) |
|     Objectors Plaintiffs - Appellants, | ) |
| | ) |
| v. | ) |
| | ) |
| AK STEEL CORPORATION, | ) |
| | ) |
|     Defendant-Appellee. | ) |
| | ) |

Before: SILER, COOK, and McKEAGUE, Circuit Judges.

**PER CURIAM**. This appeal arises out of a class action settlement between retirees and their employer, AK Steel Corporation. Objectors, class members dissatisfied with the terms of the settlement, moved to intervene. The district court denied the motion and they appeal, arguing that the motion was improperly denied, that the notice to class members was misleading, and that the settlement was not fair and reasonable. For the following reasons, we AFFIRM.

**BACKGROUND**

AK Steel announced the unilateral termination of a healthcare benefit plan for its retirees and the replacement of that plan with one that would be less favorable to retirees. A group of retirees filed this class action under provisions of the Labor Management Relations Act and ERISA. They sought a preliminary injunction to prevent the benefit reduction, which the district court granted. AK Steel then consented to class certification. Thereafter, the district court certified two settlement classes (one for salaried employees and one for hourly employees) and granted the parties' joint motion for preliminary approval of the settlement. The parties had negotiated a Voluntary Employees' Beneficiary Association ("VEBA") settlement under Section 501(c)(9) of the Internal Revenue Code, 26 U.S.C. § 501(c)(9). This type of settlement would allow AK Steel to contribute $663 million to a VEBA, to be run by the plaintiffs' representatives, in exchange for the elimination of any responsibility to provide healthcare benefits to the two proposed classes.

After the court-approved class notice was sent to members, the Objectors moved to intervene in order to take discovery and evaluate the fairness of the proposed settlement. The motion was opposed by both parties and denied by the court. After the fairness hearing, which Objectors participated in, the court approved the proposed settlement.

**DISCUSSION**

A.  Motion to Intervene

Federal Rule of Civil Procedure 24(a) requires the proposed intervenor to satisfy four elements in order to intervene: "(1) the application for intervention must be timely; (2) the applicant must have a substantial, legal interest in the subject matter of the pending litigation; (3) the applicant's ability to protect that interest must be impaired; and (4) the present parties do not

adequately represent the applicant's interest." *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989) (*citing Triax Co. v. TRW Inc.*, 724 F.2d 1224, 1227 (6th Cir.1984)). If the proposed intervenor fails to meet any of these criteria, the motion must be denied. *Grubbs*, 870 F.2d at 345. Because the motion to intervene was untimely, it was properly denied.[1]

> We consider five factors in evaluating timeliness under Rule 24:
>
> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990) (*citing Grubbs*, 870 F.2d at 345). The district court's timeliness determination is reviewed for abuse of discretion. *Jordan v. Michigan Conference of Teamsters Welfare Fund,* 207 F.3d 854, 862 (6th Cir. 2000). The district court did not abuse its discretion in finding that all of the timeliness factors favored denial of the motion to intervene. The suit had progressed through seventeen months of litigation involving a contested preliminary injunction, class certification, and discovery. Objectors knew about their interest in the case before the complaint was filed. The purpose for intervening—to investigate and evaluate the proposed settlement—was satisfied by the opportunity to participate in the fairness hearing and the parties' voluntary production of almost all of the requested documents. There would have been

---

[1] Objectors moved to intervene under both Federal Rules of Civil Procedure 24(a), (intervention as of right) and (b) (permissive intervention). Though they address only intervention as of right on appeal, we note that the district court correctly held that Objectors' failure to intervene in a timely manner also defeats their claim for permissive intervention. *See Stupak-Thrall v. Glickman*, 226 F.3d 472-73 (6th Cir. 2000).

prejudice to the parties if intervention were permitted because the settlement would have been disrupted. Finally, Objectors point to no unusual circumstance favoring intervention.

## B.  Notice to Class Members

Federal Rule of Civil Procedure 23(e) requires the court to "direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). The notice must "be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *UAW v. General Motors Corp.*, 497 F.3d 615, 629 (6th Cir. 2007) (*quoting Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). We review the reasonableness of the notice for an abuse of discretion. *UAW*, 497 F.3d at 630. Here, the notice's reference to the possibility that the retirees could lose their benefits if AK Steel went bankrupt does not make it unreasonable or misleading. The statement was made in the context of explaining the risks and benefits of settling, and the settlement agreement attached to the notice described how three major steel companies had recently declared bankruptcy, leaving their employees without any employer-provided benefits.

## C.  Approval of the Settlement

In this context, the court should approve the settlement only after a hearing "and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). Several factors inform this inquiry:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW,* 497 F.3d at 631.  "We review a district court's approval of a settlement as fair, adequate, and reasonable for abuse of discretion." *Fidel v. Farley*, 534 F.3d 508, 513 (6th Cir. 2008).  Here, the district court correctly applied the seven-factor test and Objectors do not challenge any of these findings.  They argue that the settlement should not have been approved because the 7% discount rate in estimating the VEBA's rate of return was too high. This rate was reasonable because  the record shows that when AK Steel invests money it assumes it can get an 8.5% rate of return.  The Objectors' argument that the district court erred by assuming any success on the merits would be a "Phyrric victory" is not supported by the court's order, which merely referred to the possibility of bankruptcy as one of many factors to be considered in evaluating the settlement.

AFFIRMED._____