Brenda SINGER, on behalf of herself and others similarly situated, Plaintiff,

v.

WWF OPERATING COMPANY, Defendant.

No. 13–21232–CIV.

United States District Court, S.D. Florida.

Oct. 9, 2013.

Howard Mitchell Bushman, Sarah Clasby Engel, Lance August Harke, Harke Clasby & Bushman LLP, Miami Shores, FL, for Plaintiff.

Angela C. Agrusa, Liner, Grode, Stein, Yankelevitz, Sunshine, et al., Los Angeles, CA, David Storrs Wood, Akerman Senterfitt, Orlando, FL, Sandra Jessica Millor, Akerman Senterfitt, Miami, FL, for Defendant.

### ORDER ON MOTION TO INTERVENE

URSULA UNGARO, District Judge.

THIS CAUSE is before the Court on a Motion to Intervene brought by Alex Ang and Kevin Avoy. (D.E. 20.)

THE COURT has considered the motion and the pertinent portions of the record and is otherwise fully advised of the premises. The motion is fully briefed and ripe for review.

This is a class action, brought by Plaintiff Brenda Singer, on behalf of herself and all others similarly situated, against WWF Operating Company, also known as WhiteWave Foods. In the operative complaint, filed April 17, 2013, Singer alleged that WWF, which produces organic soy milks and other food products, purposefully misled and misrepresented to consumers that its products contained "evaporated cane juice," a misleading term for sugar. (D.E. 4.) Also on April 17, 2013, Plaintiff filed an unopposed motion for preliminary approval of a class action settlement. (D.E. 5.) The Court granted that motion. (D.E. 9.) The Court defined the settlement class as all persons who, from January 1, 2005, to the present, purchased

WWF products throughout the United States for personal use and not for resale.[1]

The Court certified the class for purposes of settlement, preliminarily approved the settlement agreement, ordered the parties to comply with a plan for noticing the settlement class, and set a final fairness hearing. (D.E. 9.) The notice plan did not require individual notice be provided to any class member. It instead required that class notice be published in USA Today and on a website established for the purpose of providing notice. (D.E. 5–1 at 12.) It also required notice be given under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715. *Id.* The Court found this notice to be the best notice practicable under the circumstances and to be fully compliant with the requirements of Rule 23 and of due process. (D.E. 9.)

Upon the Court's preliminary approval of the agreement, the parties set about complying with the approved notice plan. On June 20, 2013, Plaintiff filed an unopposed motion for final approval of class settlement, for approval of class counsel fees, and for entry of final judgment pursuant to class settlement. (D.E. 13.) That motion stated that, consistent with the Court's preliminary order, notice was disseminated by publication in USA Today and online through a settlement information website. Attached to that motion was the declaration of the settlement administrator, who stated that as of June 19, 2013, 2,825 claims had been filed. (D.E. 13–1 at 4.) On June 28, 2013, the Court held a fairness hearing. (D.E. 49.) No one appeared at that hearing to object to the settlement, and no one filed written objections. (D.E. 49 at 2.) Following that hearing, and in accordance with the Court's rulings from the bench, the Court entered an order approving the class settlement and a final judgment dismissing the case. (D.E. 19.) The settlement provided for injunctive relief by requiring that WWF cease using the term "evaporated cane juice" to describe the ingredients in its products. (D.E. 5–1 at 7.) It also provided for monetary relief in the form of partial refunds to the settlement class members. *Id.* at 8.

On July 12, 2013, Ang and Avoy filed the instant motion to intervene. (D.E. 20.) Ang and Avoy are absent class members who have a similar action pending against WWF in California. That action was filed on April 29, 2013–after the Court certified this class action, but before it held the fairness hearing and finally approved of the settlement agreement. Ang and Avoy argue that, because they had a concurrent action pending against WWF during the notice period, the parties to this action could have, through reasonable effort, discerned that they were members of the class and provided them with individual notice of this action. They did not receive individual notice, and only learned of this action when their counsel discovered a website containing information about the settlement. By that time, the Court had already held a fairness hearing and approved the settlement agreement. Ang and Avoy therefore moved to intervene, arguing that the parties' failure to provide them individual notice was a violation of their due process rights. They seek to intervene in order to bring a Rule 60 motion to set aside the settlement, on the basis that it was approved in violation of their due-process right to notice.

Pursuant to Rule 24(a)(2), the Court must permit a party to intervene as of right if four requirements are met: (1) the motion to intervene is timely; (2) the movant has an interest relating to the property or transaction which is the subject of the action; (3) the movant is so situated that disposition of the action may impede or impair the movant's ability to protect that interest; and (4) the movant's interest will not be represented adequately by the existing parties to the suit. Fed. R. Civ. Pro. 24(a)(2); *see also Sierra Club, Inc. v. Leavitt,* 488 F.3d 904, 910 (11th Cir.2007). It is the movant's burden to show that all four requirements are met. *Sierra Club, Inc.,* 488 F.3d at 910.

Under Rule 24(b), the Court may permit anyone to intervene who has a claim or de-

---

**1.** This definition is subject to several exclusions, as set forth on page 3 of this Court's April 19, 2013, Order. (D.E. 9 at 3.)

fense that shares with the main action a common question of law or fact. Fed. R. Civ. Pro. 24(b)(1)(B). The Court must consider the whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. Pro. 24(b)(3). The Court first addresses the requirements of intervention as of right under Rule 24(a).

■ *(1) The motion to intervene must be timely.* In deciding whether a motion to intervene is timely, the Court considers (1) the length of time during which the proposed intervenor knew or reasonably should have known of the interest in the case before moving to intervene; (2) the extent of prejudice to the existing parties as a result of the proposed intervenor's failure to move for intervention as soon as it knew or reasonably should have known of its interest; (3) the extent of prejudice to the proposed intervenor if the motion is denied; (4) and the existence of unusual circumstances militating either for or against a determination that their motion was timely. *Georgia v. U.S. Army Corps Of Engineers,* 302 F.3d 1242, 1259 (11th Cir.2002).

■ Although Ang and Avoy did not actually learn of this action until July 5, 2013 and promptly moved to intervene thereafter, they reasonably should have learned of its existence by April 29, 2013, the date on which they filed their own class action against WWF. In preparing and filing their own action, Ang and Avoy reasonably should have performed some basic research to determine whether other, similar claims had been filed against WWF. It is reasonable to assume that a class plaintiff would know, through such basic research, of earlier-filed lawsuits. Therefore, the date that Ang and Avoy reasonably should have known of this action is April 29, 2013. But, due to their inattention, they failed to intervene until after the Court approved a final settlement between the parties.

The delay resulting from Ang and Avoy's failure to promptly act will severely prejudice the existing parties. From the perspective of Plaintiff and the class members, the motion is delaying relief to the thousands of class members who have not objected to the settlement and who have submitted claims for monetary relief. From the perspective of Defendant, WWF has already expended time and resources implementing the injunctive relief required by the agreement, including the process of relabeling its product line. Accordingly, the motion is not timely.

*(2) The movant must have an interest relating to the property or transaction which is the subject of the action.* As members of the settlement class, Ang and Avoy have a legally-protectable interest in their individual claims against WWF, which are now barred by the class settlement approved in this action. Relatedly, they have an interest in protecting their due process right to notice. Both of these interests are related to the subject of this action.

*(3) The movant must be so situated that disposition of the action may impede or impair movant's ability to protect that interest.* Although Ang and Avoy have an interest in this class action settlement, they are not so situated that the disposition of this action will impede or impair their ability to protect that interest. This is because intervening in this action is but one way for Ang and Avoy to pursue their claims against WWF.

First, Ang and Avoy can still join the class action settlement and file claims under that settlement agreement. Second, they may pursue their due process challenge in the collateral action they have already filed. Although absent class members may use Rule 60 motions to pursue due process challenges, they may also advance the same challenges by way of a more traditional collateral attack. *See Juris v. Inamed Corp.,* 685 F.3d 1294, 1313 (11th Cir.2012) (explaining that traditional collateral attack on res judicata effect of class judgment involves class member commencing separate suit, defendant asserting that prior class settlement has preclusive effect, and class member contending that giving res judicata effect to prior settlement violated class member's rights to due process); *Fidel v. Farley,* 534 F.3d 508, 515 (6th Cir.2008) (explaining that individual class members receiving untimely notice are not without recourse because they may litigate

the issue of adequate notice if and when settlement is raised as a bar to lawsuits they have brought). Because Ang and Avoy's interest in due process may be protected in their collateral action, they are not so situated that denial of intervention in this action will impede or impair their ability to protect that interest.

 *(4) The movant's interest will not be represented adequately by the existing parties to the suit.* "There is a presumption of adequate representation where an existing party seeks the same objectives as the interveners." *Stone v. First Union Corp.*, 371 F.3d 1305, 1311 (11th Cir.2004). This presumption is weak, however, and can be overcome by some evidence to the contrary; in such case, the court "returns to the general rule that adequate representation exists (1) if no collusion is shown between the representative and an opposing party, (2) if the representative does not have or represent an interest adverse to the proposed intervener; and (3) if the representative does not fail in fulfillment of his duty." *Id.* (quoting *Clark v. Putnam Cnty.*, 168 F.3d 458, 461 (11th Cir. 1999)).

In this case, Ang and Avoy seek the same ultimate objective as Plaintiff, and therefore the Court presumes that Plaintiff adequately represented their interest. Ang and Avoy have not presented any evidence to show the contrary, and furthermore, have not shown any collusion between Plaintiff and the opposing party, have not shown that Plaintiff has an interest adverse to Ang and Avoy, and have not shown that Plaintiff has failed in her duty as representative. Accordingly, the Court finds that Plaintiff adequately represented Ang and Avoy's interest in this action.

*Permissive Intervention.* Ang and Avoy do not meet the requirements to intervene as of right, but the Court may still permit intervention under Rule 24(b). But, as previously explained, to permit intervention at this time would unduly prejudice the existing parties to this action. Furthermore, Ang and Avoy's due process claim is unique. They claim that they should have received notice because they had a similar action pending against WWF at the time the Court approved this class action settlement. This claim is unique

to them, and they have not shown that any other class members may have similar due process claims. It therefore does not make sense to delay the implementation of the settlement agreement in order for Ang and Avoy to press their claims in this action, particularly when they may continue to pursue their claims in the collateral action they already have pending. Accordingly, it is

ORDERED AND ADJUDGED that the Motion to Intervene (D.E. 20) is DENIED. It is further

ORDERED AND ADJUDGED that the Intervenor's Motion to Set Aside Class Settlement (D.E. 22) is DENIED AS MOOT.