FILED

May 24 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0458

DA 15-0458

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 121

In re BLUE CROSS AND BLUE SHIELD OF
MONTANA, INC., n/k/a CARING FOR
MONTANANS, INC., and MONTANA
COMPREHENSIVE HEALTH ASSOCIATION
INSURANCE LITIGATION.

TYSON PALLISTER, KEVIN BUDD,
KENNETH WALSH, MARTIN T. MANGAN,
SHIRLEY MANGAN, RAY LEE,
and LAURA FORTUNE,

        Objectors and Appellants,

    v.

BLUE CROSS AND BLUE SHIELD OF
MONTANA, INC., n/k/a CARING FOR
MONTANANS, INC., and MONTANA
COMPREHENSIVE HEALTH ASSOCIATION,

        Defendants and Appellees.

APPEAL FROM:    District Court of the Second Judicial District,
                In and For the County of Butte-Silver Bow, Cause No. DV 08-553
                Honorable Brad Newman, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

           James G. Hunt, Hunt Law Firm, Helena, Montana

           Jory C. Ruggiero, Domenic A. Cossi, Western Justices Associates,
           Bozeman, Montana

For Appellant Laura Fortune:

    Lawrence A. Anderson, Attorney at Law, P.C., Great Falls, Montana

For Appellee Montana Comprehensive Health Association:

    Jacqueline T. Lenmark, Keller, Reynolds, Drake, Johnson & Gillespie, P.C., Helena, Montana

For Appellee Caring for Montanans, Inc.:

    Michael F. McMahon, Stefan T. Wall, McMahon, Wall & Hubley, PLLC, Helena, Montana

For Class Representatives:

    Robert G. McCarthy, McCarthy Law, P.C., Butte, Montana

Submitted on Briefs: April 6, 2016

Decided: May 24, 2016

Filed:

_____
Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1      This case arises out of claims asserted by multiple persons against Blue Cross and Blue Shield of Montana, now known as Caring for Montanans, Inc. (CFM) and Montana Comprehensive Health Association (MCHA) (collectively "Insurers"). The District Court certified a class of claimants for settlement purposes only. The District Court then held a fairness hearing on a proposed settlement agreement and approved the settlement. Several class members objected to the settlement (Objectors) and appealed to this Court, arguing they should be allowed to conduct further discovery to ascertain the fairness of the settlement agreement. We agreed with Objectors and remanded the case to the District Court for further discovery and a second fairness hearing. The District Court allowed further discovery, held a second fairness hearing, and determined that the same settlement agreement was fair, reasonable, and adequate. The Objectors again appeal. We affirm.

**ISSUES**

¶2      We restate the issues on appeal as follows:

¶3      Has Objector Laura Fortune waived her right on appeal to object to the settlement agreement?

¶4      Does Objector Kevin Budd have standing to object to the settlement agreement?

¶5      Did the District Court abuse its discretion by certifying this matter as a class action?

¶6      Did the District Court abuse its discretion by approving the settlement agreement?

¶7      Did the District Court err by allowing individual settlements?

3

**FACTUAL AND PROCEDURAL BACKGROUND**

¶8 This case arises out of claims asserted by multiple persons against CFM and MCHA. The claimants assert that while they were insured by CFM or MCHA, they submitted claims that the insurers denied based upon exclusions contained in their health insurance policies. These exclusions generally provided that the insurer would not pay for health care costs of the injured insureds if the insureds received, or were entitled to receive, benefits from any automobile liability policy. These exclusions were subsequently disapproved by the Montana Commissioner of Insurance, *see Blue Cross & Blue Shield of Mont. v. Mont. State Auditor* (*State Auditor*), 2009 MT 318, 352 Mont. 423, 218 P.3d 475, and the insureds sought the previously-denied benefits. We affirmed the disapproval on appeal. *State Auditor*, ¶ 20.

¶9 Following our ruling in *State Auditor*, the Second Judicial District Court certified a class of claimants for settlement purposes only and appointed class counsel. A settlement was negotiated, which the District Court approved after conducting a settlement fairness hearing. Several members of the class objected to the settlement and appealed to this Court, claiming the District Court erred in denying their motion to conduct discovery into the fairness of the settlement. We held in *Pallister v. Blue Cross & Blue Shield of Mont., Inc.* (*Pallister I*), 2012 MT 198, 366 Mont. 175, 285 P.3d 562 that the District Court should have allowed the Objectors to conduct discovery into how the class members were identified and how the class counsel's fee was negotiated. We concluded that this information was necessary for the District Court to evaluate whether the proposed settlement agreement was "fair, reasonable and adequate." *Pallister I*, ¶ 34.

4

We therefore vacated the District Court's approval of the settlement agreement, and reversed and remanded for discovery, a second fairness hearing, and an evaluation of the totality of the evidence to determine if the proposed settlement agreement was fair, reasonable and adequate. *Pallister I*, ¶ 36. We instructed the District Court to evaluate the fairness of the proposed settlement by analyzing the factors identified in *Jones v. GN Netcom, Inc.* (*In re Bluetooth Headset Prods. Liab. Litig.*), 654 F.3d 935, 946 (9th Cir. 2011) as well as any other factors the District Court deemed critical to the case. *Pallister I*, ¶¶ 38-39.

¶10 After allowing for further discovery, the District Court held a second fairness hearing on March 3, 2015, during which the parties presented arguments and submitted additional documents. On July 7, 2015, the District Court issued Findings of Fact, Conclusions of Law, and a Final Order and Judgment. The District Court analyzed the same proposed settlement agreement according to the *Jones* factors, found the agreement to be fair, reasonable, and adequate, and approved the settlement. The Objectors appeal from that order, and again are challenging the settlement agreement, as well as the certification of the class and the allowance of individual settlements.

## STANDARD OF REVIEW

¶11 A district court "is in the best position to consider the most fair and efficient procedure for conducting any given litigation," so we review for abuse of discretion a district court's decision whether to certify a class. *Sieglock v. Burlington Northern & Santa Fe Ry. Co.*, 2003 MT 355, ¶ 8, 319 Mont. 8, 81 P.3d 495 (citing *McDonald v. Washington*, 261 Mont. 392, 399, 862 P.2d 1150, 1154 (1993)). "However, [t]o the

5

extent that the ruling on a Rule 23 requirement is supported by a finding of fact, that finding, like any other finding of fact, is reviewed under the clearly erroneous standard. And to the extent that the ruling involves an issue of law, review is de novo." *Jacobsen v. Allstate Ins. Co.*, 2013 MT 244, ¶ 25, 371 Mont. 393, 310 P.3d 452 (citing *Mattson v. Mont. Power Co.*, 2012 MT 318, ¶ 17, 368 Mont. 1, 291 P.3d 1209) (internal quotations omitted).

¶12    Rule 23 of the Montana Rules of Civil Procedure is identical to the federal Rule 23, so "federal authority is instructive." *Jacobsen,* ¶ 28.   We review for abuse of discretion a district court's decision to approve a class action settlement.  *Dunleavy v. Nadler* (*In re Mego Fin. Corp. Sec. Litig.*), 213 F.3d 454, 458 (9th Cir. 2000).  We will affirm if the district court "applies the proper legal standard and [its] findings of fact are not clearly erroneous." *Dunleavy*, 213 F.3d at 458.

**DISCUSSION**

¶13    *Has Objector Laura Fortune waived her right on appeal to object to the settlement agreement?*

¶14    Objectors Tyson Pallister, Kevin Budd, Kenneth Walsh, Martin Mangan, Shirley Mangan, and Ray Lee filed a joint brief on appeal, and Objector Laura Fortune (Fortune) filed her own brief.  In their response briefs, the Insurers responded to the issues raised by all the Objectors and separately raised the issue of Fortune's standing to object to the settlement agreement.

¶15    The issue of Fortune's standing as a putative class member to object to the settlement agreement was raised in *Pallister I.*  We said then that

6

The District Court determined that she lacked standing to object to the fairness of the Settlement Agreement because her excluded claims had been paid in full by BCBSMT. Fortune disputes this assertion. Because we are remanding for further discovery, Fortune shall be given the opportunity to present evidence to the District Court that will establish whether or not she has been paid for her excluded claims and whether she therefore has standing.

*Pallister I*, ¶ 42. The Insurers now argue that Fortune does not have standing to challenge the settlement agreement because she did not participate in the second fairness hearing and she did not avail herself of the opportunity provided by this Court to present to the District Court on remand evidence to establish her standing. Although the Insurers' argument is couched as a standing argument, it is in effect a waiver argument and we will address it as such.

¶16     The Insurers urge this Court not to consider Fortune's objections to the settlement agreement because Fortune "did not participate in the district court proceedings after remand." The Insurers maintain that although Fortune joined the Objectors' combined brief filed prior to the second fairness hearing, the fact that Fortune and her attorneys did not appear at or object during the fairness hearing means she has now waived her right to object to the settlement agreement. Federal courts that have addressed similar situations have reached different conclusions regarding an unnamed non-intervening class member's right to object to a settlement agreement. The Tenth Circuit held that a class member who filed written objections to a settlement agreement was not entitled to appeal approval of the settlement because he did not object during the fairness hearing, which was a requirement imposed by the district court in the notice to class members of the proposed settlement. *Weinman v. Fid. Capital Appreciation Fund* (*In re Integra Realty*

7

*Res., Inc.*), 354 F.3d 1246, 1257-58 (10th Cir. 2004). The Sixth Circuit came to the opposite conclusion and held that a class member who filed written objections to a settlement but did not appear at the fairness hearing was nonetheless entitled to appeal the district court's approval of the settlement. *Fidel v. Farley*, 534 F.3d 508, 511-13 (6th Cir. 2008). The Insurers urge us to adopt the reasoning of the Tenth Circuit; Fortune urges us to adopt the reasoning of the Sixth Circuit. However, we need not decide this issue now because the Insurers' other waiver argument is dispositive.

¶17 The Insurers secondarily argue that Fortune cannot object to the settlement agreement now because the question of her standing to do so was previously raised and decided, she was given an opportunity to supplement the record and seek a different ruling from the District Court, and she declined to do so. The Insurers are correct. The District Court already determined that Fortune lacked standing to object to the settlement agreement. *Pallister I*, ¶ 42. This Court then gave Fortune the opportunity to conduct further discovery and present additional evidence to establish her standing. *Pallister I*, ¶ 42. On remand, Fortune failed to conduct further discovery and she presented no new evidence of standing to the District Court. In her reply brief on appeal, Fortune points to evidence of excluded claims sufficient to confer standing that was in the record when this Court decided *Pallister I*. That evidence was in the record before the District Court, and the District Court found it insufficient. Since Fortune did not avail herself of the opportunity to supplement that evidence, the District Court's ruling regarding her standing remains uncontested. As a result, Fortune has waived her right on appeal to reassert her objections to the settlement agreement. *Siebken v. Voderberg*, 2015 MT 296,

8

¶ 19, 381 Mont. 256, 359 P.3d 1073 ("We will not reverse a district court when it was not given an opportunity to correct the error alleged."). We therefore decline to address arguments raised only in her brief.

¶18     *Does Objector Kevin Budd have standing to object to the settlement agreement?*

¶19     The Insurers argue on appeal that Objector Budd does not have standing to object to the settlement agreement because he is not a class member and is not eligible to recover under the settlement agreement. Objectors do not respond to this argument. The District Court already determined that Budd has no standing to object to the settlement agreement because he is not a class member. We did not overrule that finding on remand, *Pallister I*, ¶ 82 (Morris, J., dissenting), and we will not disturb that finding now.

¶20     *Did the District Court abuse its discretion by certifying this matter as a class action?*

¶21     The four prerequisites to a class action are numerosity, commonality, typicality, and adequacy of representation. M. R. Civ. P. 23(a). Objectors contend that the District Court certified the class in violation of two of the requirements of Rule 23(a), typicality and adequacy of representation. We address these two requirements in turn.

¶22     We have explained before that

> To satisfy the typicality element, a plaintiff must demonstrate that the claims or defenses of the representative parties are typical of the claims or defenses of the class. The typicality requirement is designed to ensure that the interests of the named plaintiffs align with the interests of the class members, the rationale being that a named plaintiff who vigorously pursues his or her own interests will necessarily advance the interests of the class. A named plaintiff's claim is typical if it stems from the same event, practice, or course of conduct that forms the basis of the class claims and is based upon the same legal or remedial theory.

9

*Chipman v. Northwest Healthcare Corp.*, 2012 MT 242, ¶ 53, 366 Mont. 450, 288 P.3d 193 (internal quotations and citations omitted). Objectors allege that typicality is not satisfied in this case because the class representatives have non-ERISA claims that have different legal and remedial bases than the ERISA claims held by most class members.

¶23 The District Court reviewed the requirements for typicality and the facts in this case and determined that typicality was satisfied. We agree. In Montana, "the typicality requirement is not demanding." *Diaz v. Blue Cross & Blue Shield*, 2011 MT 322, ¶ 35, 363 Mont. 151, 267 P.3d 756. The requirement serves to "prevent[] plaintiffs from bringing a class action against defendants with whom they have not had any dealings." *Diaz*, ¶ 35. In a settlement class, typicality "requires proof that the interests of the class representative and the class are commonly held for purposes of receiving similar or overlapping benefits from a settlement." 2 Newberg & Conte, *Newberg on Class Actions* § 11.28, 11-58 (3d ed. 1992). "This is a much simpler proposition than showing typicality in an ongoing litigation context, wherein all elements of liability and damages must be analyzed to determine common questions affecting both the class representative and the class." Newberg & Conte, § 11.28, at 11-58.

¶24 In this case, the class members (including the class representatives and Objectors) alleged that the Insurers applied an unlawful policy exclusion to their medical bill claims when other liability coverage was available to pay those claims, and that benefits would have been paid to the class members but for the application of the exclusion. All class members, including the class representatives, clearly have had dealings with the defendants, *Diaz*, ¶ 35, and the class representatives' claims "stem[] from the same event,

practice, or course of conduct that forms the basis of the class claims," *Chipman*, ¶ 53. Although some class members were part of a plan governed by ERISA and some class members were not, the remedy for the ERISA plan members is the same as the remedy for non-ERISA plan members: recovery of the benefit denied. This remedy is in fact the relief offered to all class members by the settlement agreement, so the class representatives and the class members have common interests for purposes of receiving similar benefits from a settlement. Newberg & Conte, § 11.28, at 11-58. The class members have satisfied the typicality requirement by establishing that the claims of the class representatives are typical of the claims of the class as a whole, and the interests of the class representatives and the non-named class members are sufficiently aligned. *Chipman*, ¶ 53. The District Court did not err in concluding that this requirement of Rule 23(a) was satisfied.

¶25 The fourth requirement of Rule 23(a), adequacy of representation, "allows certification only where the representative parties will fairly and adequately protect the interests of the class. This element requires that the named representative's attorney be qualified and competent and able to conduct the litigation and that the named representative's interests not be antagonistic to the interests of the class." *Diaz*, ¶ 38 (citing M. R. Civ. P. 23(a)(4)) (internal quotations omitted). No party has challenged the qualifications, competency, or abilities of the class representatives' attorney, so the requirement is satisfied if the class representatives' interests are not antagonistic to the interests of the rest of the class.

¶26 Objectors contend the adequacy of representation requirement is not met because the denied benefits to which the class representatives claim entitlement may be subsumed by the deductibles, co-pays, and co-insurance specified in their particular plans. According to Objectors, "[p]ayment of funds to claimants like the class representatives reduces class funds available to claimants who have legitimate damages far in excess of their deductibles," which "puts the interests of the class representatives at odds with other class members."[1] But offsets due to deductibles, co-pays, or co-insurance are litigation defenses, which the Insurers waived in settlement, so in light of the settlement agreement, the District Court and this Court need not determine how these defenses would have fared with respect to the class representatives in litigation. Rather, we concern ourselves with whether the interests of the class representatives with regard to the settlement agreement are "antagonistic to the interests of the class." *Diaz*, ¶ 38 (internal quotations omitted). We are satisfied they are not.

¶27 All class members, including the class representatives, have claims for wrongful denial of benefits, and all class members are entitled under the settlement agreement to a predetermined percentage of those benefits as a remedy. The percentages range from

---

[1] Objectors purport to challenge the standing of the class representatives to be involved in the litigation, based upon the same allegations that the deductible, co-pay, and co-insurance applicable under their policies subsume the denied benefits to which they claim entitlement. In other words, the Insurers' waiver of these defenses conferred standing on the class representatives. The class representatives dispute this allegation and point to evidence in the record that establishes that the value of their denied benefits exceeds the setoffs. The District Court made no findings on this subject because the issue was not squarely presented to it. Regardless, this is not truly a standing dispute because Objectors raise the point as another challenge to the "adequacy of representation" requirement. As a result, we address the argument about deductibles, co-pays, and co-insurance in the context of the Rule 23(a) requirements, and not as a separate standing argument.

45%–75% of the benefits denied, depending upon the insurer, the date of the claim, and whether the claim was submitted or unsubmitted. In addition to the remedy to which all class members are entitled, the class representatives will each receive a relatively small fee ($2,500) for their service as representatives. This small additional fee does not cause the interests of the class representatives and the non-named class members to diverge because it is a set fee that does not reduce the non-named class members' potential recovery. Furthermore, contrary to Objectors' assertions, this is not a limited fund class settlement, so recovery by a class representative does not reduce the amount of settlement funds available to other class members. Rather, any benefits the class representatives were able to negotiate in the settlement agreement apply to all class members equally, so by pursuing their own interests, the class representatives simultaneously pursued the interests of the other class members. The class members have satisfied the adequacy of representation requirement by establishing that the class representatives will "fairly and adequately protect the interests of the class." M. R. Civ. P. 23(a)(4); *Diaz*, ¶ 38. The District Court did not err in concluding that this requirement of Rule 23(a) was satisfied. Because both typicality and adequacy of representation are present in this class, the District Court did not abuse its discretion in certifying the class for settlement purposes.

¶28 *Did the District Court abuse its discretion by approving the settlement agreement?*

¶29 Objectors contend the District Court's approval of the settlement agreement was an abuse of discretion for three reasons. First, Objectors contend the District Court approved the settlement without sufficient information to determine the fairness of the settlement. Second, they object to CFM's method of identifying class members. Third,

13

they allege collusion between the Insurers and class counsel, resulting in an unfair settlement for the Objectors. We address each objection in turn.

¶30 When we remanded this case to the District Court, we instructed the District Court to allow Objectors to conduct discovery into the fairness of the settlement agreement. *Pallister I*, ¶ 43. We also instructed the District Court to evaluate the fairness of the proposed settlement by analyzing the factors identified in *Jones*. *Pallister I*, ¶¶ 38-39. The District Court did so, and found the settlement agreement to be fair, reasonable, and adequate. Objectors now contend that class counsel did not conduct sufficient discovery between the time of the remand in *Pallister I* and the time of the second fairness hearing. But it was the Objectors and their counsel and not the class members and class counsel who sought the right to conduct further discovery. Nothing in *Pallister I* indicated that the District Court should require class counsel to conduct further discovery sufficient to satisfy the Objectors.

¶31 In fact, this Court was very clear about what discovery the District Court should allow before reconsidering the fairness of the settlement agreement:

> On remand, the court shall allow the [O]bjectors the opportunity to conduct limited discovery. They should be allowed to explore how the class was chosen, how the medical coding was conducted, and how and why the particular compromises of claims were determined. They should also be allowed to explore how the Settlement Agreement and class counsel's fee were negotiated, and any other area of inquiry the [O]bjectors and the court conclude is relevant. The District Court may set parameters on how and under what time frame this will be accomplished. Upon completion of this discovery and assuming the negotiation of the same or a different settlement, the District Court shall then conduct another fairness hearing and make a determination of whether the proposed settlement is "fair, reasonable and adequate."

14

*Pallister I*, ¶ 36. We said that in a settlement only class action, there needs to be "sufficient information provided to the class representatives, any objectors, and the district court to enable the parties and the court to reach a well-informed decision of whether the proposed settlement is fair, adequate and reasonable." *Pallister I*, ¶ 35. The District Court found the information provided by all the parties was sufficient to make that fairness determination. We see no reason to disturb that finding, especially when the Objectors did not discover the information they sought leave to discover but rather complain that class counsel did not discover it for them.

¶32 The Objectors are also dissatisfied with the way in which the class was defined by CFM. CFM maintains that the best way to identify class members is to search for three codes used in two of its databases to indicate the application of a disapproved exclusion. Objectors contend that allowing CFM to self-report in this way creates a conflict of interest that is "obvious," and that CFM's explanation of why this is the best method for identifying class members is a "smoke and mirrors explanation." Objectors also point out that many other searches of CFM's adjuster notes and claims correspondence are possible but were not performed. However, Objectors have offered no evidence that CFM's method is not the best method for identifying class members, nor have they argued or proven that a different search would identify class members not identified by CFM's searches. The District Court found the database searches to be adequate, especially considering that the settlement agreement allows both known and unknown class members to submit claims. Since the Objectors imply wrongdoing and ill intent on the part of CFM and class counsel but offer no supporting evidence or superior alternatives,

15

we hold that the District Court did not abuse its discretion in finding the CFM method of searching for class members to be adequate. *See, e.g., In re Marriage of Tummarello*, 2012 MT 18, ¶ 38, 363 Mont. 387, 270 P.3d 28 ("The court did not abuse its discretion in declining to award Phil a deduction for which he provided no evidence.); *State v. Dunfee*, 2005 MT 147, ¶¶ 17-18, 327 Mont. 335, 114 P.3d 217 ("Other than his speculation, Dunfee has presented no evidence that the juror held any ill will toward him. Under these circumstances, the District Court did not abuse its discretion when it denied Dunfee's motion for a new trial on the ground of juror misconduct.").

¶33 Finally, the Objectors contend that CFM and class counsel abandoned the adversarial process and colluded in reaching a settlement agreement that benefits class counsel at the expense of the class members and Objectors. The settlement agreement provides that class counsel will receive a flat fee of $600,000 for submitted claims and a 30% contingency fee on unsubmitted claims. Objectors point to the flat fee on submitted claims as evidence of collusion because that fee structure does not incentivize class counsel to maximize recovery for the class. Objectors also contend that class counsel is incentivized "to put more class members into the 'unsubmitted' group of claims where class members receive less money and [class counsel] receives more." Objectors again provide speculation but no evidence to support their accusations.

¶34 The District Court evaluated the allegation of collusion under the factors articulated in *Jones* and concluded "there is no evidence to show that class counsel and the [I]nsurers' counsel colluded in reaching the Settlement Agreement." The District Court noted that it "takes seriously the allegations leveled by Objectors that the

16

Settlement Agreement was the product of collusion," but "Objectors ask the Court to rely on supposition" and "[t]he Court instead looks at a record that strongly supports the fairness of the voluntary resolution reached by the Parties." We agree. Objectors have offered no evidence of collusion between counsel for the Insurers and class counsel, and the flat fee for submitted claims and the contingency fee for unsubmitted claims are not objectively disproportionate or indicative of an improper motive. The District Court did not abuse its discretion in finding the settlement agreement was not the product of collusion.

¶35 As noted in ¶ 29, Objectors allege the District Court abused its discretion in approving the settlement agreement in three particulars, all of which we addressed above. Notably, Objectors do not contend that the District Court wrongly limited their ability to conduct discovery or wrongly refused to consider their tendered evidence. It can thus be presumed that the Objectors were given the opportunity to undertake the discovery that we determined they should be allowed to conduct, *Pallister I*, ¶ 36, which was the sole justification for our remand in *Pallister I*. Absent any new or additional evidence adduced by Objectors to support their position, there is simply no basis upon which to disturb the District Court's re-approval of the settlement agreement.

¶36 *Did the District Court err by allowing individual settlements?*

¶37 The District Court granted class members leave to settle their claims against CFM individually, according to the terms of the settlement agreement. Following the order allowing individual settlements, 745 individual claims were settled as of July 6, 2015. Objectors argue that the allowance of individual settlements constitutes a circumvention

17

of this Court's remand in *Pallister I*—which was designed to elicit more information with which to determine the fairness of the settlement agreement—and is contrary to the policy underlying Rule 23. We agree with the District Court that Rule 23(e) has no bearing on individual settlements.

¶38   By its own terms, Rule 23(e) applies only to settlement of class claims: "[t]he claims, issues, or defenses of a certified class may be settled . . . with the court's approval." In contrast, Rule 23(e) "does not bar non-approved settlements with individual members which have no effect upon the rights of others. . . . [I]t is only the settlement of the class action itself without court approval that [Rule] 23(e) prohibits." *Weight Watchers of Philadelphia, Inc. v. Weight Watchers International, Inc.*, 455 F.2d 770, 773, 775 (2d Cir. 1972). Thus, the District Court did not err in allowing individual settlements.

## CONCLUSION

¶39   For the foregoing reasons, we affirm the District Court's November 26, 2014 Order permitting individual settlements and the District Court's July 7, 2015 Findings of Fact, Conclusions of Law, and Final Order and Judgment.

/S/ PATRICIA COTTER

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE