No. 80-406

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

LYLE B. NOTT AND ODEAL S. NOTT,

                    Plaintiffs and Respondents,

        vs.

GLEN BOOKE and VICKY BOOKE, husband
and wife, and JACK D. HEIDEMA, JOHN
A. HEIDEMA,

                    Defendants and Appellants.

---

Appeal from:  District Court of the Thirteenth Judicial District,
              In and for the County of Carbon.
              Honorable William J. Speare, Judge presiding.

Counsel of Record:

    For Appellants:

        Swandal, Douglass & Swandal, Livingston, Montana
        Berger, Sinclair and Nelson, Billings, Montana

    For Respondents:

        Holmstrom, Dunaway and West, Billings, Montana

---

                    Submitted on briefs: July 2, 1981

                            Decided: September 11, 1981

Filed: SEP 11 1981

_Thomas J. Kearney_
                    Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Lyle and Odeal Nott, plaintiffs and respondents, brought this action to quiet title to certain property in Carbon County, Montana. A summary judgment was granted against the Notts in favor of the defendants and appellants, Glen Booke, Vicky Booke, John A. Heidema and Jack D. Heidema. In Nott v. Booke (1979), ____ Mont. ____, 598 P.2d 1137, 36 St.Rep. 1542, this Court reversed that judgment and remanded the case to District Court for a full hearing. Pursuant to that decision, the District Court sitting with a jury returned a verdict in favor of the Notts. From that judgment the Heidemas appealed.

Appellants raise three issues:

1. Does instruction no. 8 warrant a new trial because it incorrectly states the law and prejudices defendants' rights?

Instruction no. 8 provided:

"You are instructed that if you find that an agreement existed between Lyle Nott and the defendants' predecessors in interest, John and Genevieve Shupak, that the disputed strip of land lay with an agreed upon or fixed boundary, or that an agreement existed between the Notts and Shupaks, that extended the boundary line between their properties to include the disputed portion of land up to the existing fence line, then you must find for the plaintiff."

2. Does the District Court's refusal to give defendants' proposed instruction no. 5 prejudice the defendants' rights because it is a correct statement of the law and was needed to balance the other instructions?

Defendants' proposed instruction no. 5 stated:

"Where two adjoining proprietors are divided by a fence which they suppose to be the true line, they are not bound by this supposed line, but must conform to the true line when ascertained."

3. Can plaintiffs recover all costs of a survey which

covered their entire property rather than merely the disputed area?

The dispute involves the strip of land located between Notts' and Booke-Heidemas' property. They are adjacent landowners in Carbon County, Montana, their land adjoining at the Notts' southern and Booke-Heidemas' northern boundaries. The Notts' property is described according to their deed as:

> "The North Half of the Southwest Quarter (N1/2 SW1/4), the Southwest Quarter of the Southwest Quarter (SW1/4 SW1/4), Lot 9 and the North 19 feet of Lots 10 and 11, all located in Section Four, Township Six South, Range 23 East, M.P.M."

The Bookes purchased their land in 1976 from the Heidemas. The land was originally owned by John and Genevieve Shupak. The legal description of the property is described as:

> "Tract A of Certificate of Survey No. 885, situated in Lots 10 and 11, Section 4 and Lot 2, Section 9, Township 6 South, Range 23 East, M.P.M."

The area in dispute is approximately 1950 feet in length, 68 feet in width on the east end, 38 feet in width on the west end, and slightly over two acres in total area. It is also enclosed by a boundary line fence which was constructed by Notts in 1946.

The Notts claim title to the strip of land under a deed executed in 1946 to Lyle B. Nott and his then spouse, Rosia Nott, from the Booke-Heidemas' predecessor in interest, John and Genevieve Shupak.

In 1946, the Notts employed William Burke to conduct a survey of the boundary line between their property and the Shupak's, whereupon a fence was constructed by the Notts along the line as laid out by Burke. After the construction of the fence, however, the Shupaks disagreed as to the correct placement of the fence and boundary line. This, in turn, led to the land being resurveyed by Burke, who discovered

an error in his calculations and determined the proper boundary line to be 19 feet north of the fence. To settle the dispute, the Shupaks executed a deed for good consideration to the Notts conveying the north 19 feet of Lots 10 and 11.

The parties thereafter occupied their lands in accordance with the boundary fence. During this time, the Notts cultivated the land, constructed fences and corrals for livestock and built a concrete irrigation flume next to the fence and upon the land which is the subject of this dispute. Notts were also assessed and have paid taxes upon their land in accordance with the description on the deed since 1946.

Bookes purchased their land from Heidemas in 1976. To comply with the provisions of the Subdivision and Platting Act, a certificate of survey was made after the purchase. This survey, which was conducted in 1977, created a further discrepancy between the boundary fence and Burke's second survey, giving rise to the present dispute.

Notts argue that they have acquired title by satisfying all the elements of adverse possession, including the requirement to pay all taxes on the land as set out in section 70-19-411, MCA, which provides:

> "OCCUPANCY AND PAYMENT OF TAXES NECESSARY TO PROVE ADVERSE POSSESSION. In no case shall adverse possessions be considered established under this code unless it be shown that the land has been occupied and claimed for a period of 5 years continuously and the party or persons, their predecessors, and grantors have during such period paid all of the taxes, state, county, or municipal, which have been legally levied and assessed upon said land."

In this Court's previous opinion, at 598 P.2d 1139, we stated:

> ". . . where a boundary line has been agreed upon or fixed because of the uncertainty of the parties as to the true boundary and the deed description does not include the disputed land, the payment of taxes according to the deed description does constitute a payment upon such land for the purpose of

-4-

satisfying the statute. <u>Townsend v. Koukol</u>,
148 Mont. at 8; 416 P.2d at 536."

Further, the opinion contained the following comments relative
to the factual issue to be decided:

> "The question of fact which is most crucial to
> a determination of the issue facing this Court,
> then, is whether an agreement existed between
> appellants and respondents, or their predecessors
> in interest, that the disputed strip of land lay
> within an agreed upon or fixed boundary."

This issue was submitted to the jury, and in accordance
with its findings, the District Court entered a decree
quieting title to the disputed strip to the Notts. Bookes
and Heidemas filed motions contesting the survey expenses,
which motions were denied. Heidemas now appeal the entire
judgment.

Instruction no. 8 was objected to at trial on the basis
that it was not a correct statement of the law. According
to Rule 51, M.R.Civ.P.,

> "INSTRUCTIONS TO JURY-OBJECTION.. . . Objections
> made shall specify and state the particular grounds
> on which the instruction is objected to and it shall
> not be sufficient in stating the ground of such
> objection to state generally the instruction does
> not state the law or is against the law, but such
> ground of objection shall specify particularly wherein
> the instruction is insufficient or does not state the
> law, or what particular clause therein is objected to
> . . ."

Objection to an instruction that it is an incorrect
statement of the law without specifying the defect has long
been considered an insufficient objection and we will not
review the alleged error occasioned by the giving of an
allegedly incorrect instruction. Brunnabend v. Tibbles
(1926), 76 Mont. 288 at 303, 246 P. 536 at 540. That rule
applies here.

Appellants also argue that they were prejudiced by the
court's refusal to give their offered instruction no. 5, the
source of which is Myrick v. Peet (1919), 56 Mont. 13 at

26, 180 P. 574 at 579. The statement from that case, however, presupposes that no valid agreement as to the boundary line has been made. That is precisely the question put before the jury by instruction no. 8 and (in the words of this Court), "the question of fact which is most crucial to a determination of the issue facing this Court . . ." Nott v. Booke, supra, at ___Mont.___, 598 P.2d 1139, 36 St.Rep. 1545. The jury was further instructed by instruction no. 9 that "in order to establish an agreed boundary line, the evidence must show more than mere acquiescence . . .". Therefore, we conclude that the jury was fully and correctly instructed as to the law, that there was substantial evidence to support their verdict, and that no prejudice to the defendants resulted.

On the issue of costs, appellants cite Johnson v. Jarrett (1976), 169 Mont. 408, 548 P.2d 144, wherein we directed District Court to "determine whether any part of the map and survey costs billed by plaintiffs arose from surveys or maps of plaintiffs' property outside Lot 5 or did not pertain to the location of the 'wagon road.' Any such unnecessary expense shall not be allowed as costs charged to defendant." 169 Mont. at 417, 548 P.2d 149.

The survey in the case at bar covered the Notts' entire property. Any part that did not go to establishing the disputed boundary line may have been unnecessary, and the cost of such excess, if any, should not be charged to the defendants.

Accordingly, the judgment of the District Court is affirmed, with the exception of the determination of survey costs charged to defendants, which shall be redetermined on remand to the District Court in accordance with the directions

-6-

herein.  Costs to respondent.

_____
                    Justice

We Concur:

_____
          Chief Justice

_____

_____
                    Justices

-7-