DA 09-0387

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 19

IN THE MATTER OF MARTIN BOWER,

          Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV 08-182(A)
Honorable Ted O. Lympus, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            William L. Managhan, Managhan Law Firm, Kalispell, Montana

        For Appellee:

            Monica J. Lindeen, State Auditor and Commissioner of Securities and Insurance; Roberta Cross Guns, Special Assistant Attorney General; Helena, Montana

                             Submitted on Briefs:  December 10, 2009

                                     Decided:  February 2, 2010

Filed:

_____
                    Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1　The State Auditor's Securities and Insurance Departments issued a Notice of Proposed Agency Disciplinary Action and Opportunity for Hearing, in which they alleged that Martin Bower had violated securities and insurance laws. The Hearing Examiner issued a proposed decision adverse to Bower. Bower failed to file exceptions to the proposed order. The Commissioner of Securities and Insurance (Commissioner) issued a final agency decision that adopted the Hearing Examiner's findings, conclusions, and order. Bower filed a petition for judicial review in the Eleventh Judicial District Court, Flathead County. The District Court dismissed Bower's petition for lack of subject matter jurisdiction and alternatively concluded that substantial evidence supported the finding that Bower had violated securities and insurance laws. Bower appeals. We affirm.

## ISSUES

¶2　Bower raises two issues on appeal. He maintains that the District Court erred in concluding that it did not have subject matter jurisdiction to review the decision issued by the Commissioner. We need not reach this issue, however, in light of our resolution of the question of whether the Commissioner based his decision on admissible evidence. We restate the dispositive issue as follows:

¶3　*Did the District Court correctly conclude that substantial evidence supports the finding that Bower had violated securities and insurance laws?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶4　The Securities Act of Montana, set forth in Title 30, chapter 10, parts 1 through 3 of the Montana Code Annotated (2003), requires persons who offer or sell securities to be

2

licensed through a registration process. Section 30-10-201, MCA (2003). Bower was a licensed insurance producer, but he never registered as an investment advisor in Montana. The Department of Securities became concerned in 2004 that Bower was acting as an investment advisor and recommending security liquidations without the proper licensure.

¶5 The Department of Securities received numerous phone calls in 2004 from elderly people and their family members who had met with Bower. Bower had recommended that one elderly woman sell all of her stock to purchase an annuity through Bower. Bower also had convinced an elderly woman with Alzheimer's disease to liquidate her portfolios and purchase an annuity through Bower. The Department of Securities believed that Bower's recommendations were unsuitable under the circumstances and that the recommendations would have had significant negative tax consequences.

¶6 Bower also met with a family that was seeking to purchase health insurance. Bower was unable to offer the type of insurance that the family needed. Bower attempted to persuade the family to purchase annuities instead. The family purchased an annuity, but stipulated that Bower would hold the check until the family had further investigated the annuity's interest rates. Bower later refused to return the check when the family asked him to give it back. He eventually admitted that he had cashed the check despite his agreement to hold it.

¶7 The State Auditor's Securities and Insurance Departments issued a Notice of Proposed Agency Disciplinary Action and Opportunity for Hearing and alleged that Bower had violated numerous securities and insurance laws. The Department of Securities issued a Temporary Cease and Desist Order on November 15, 2004. The Department of Insurance

3

subsequently issued its own Temporary Cease and Desist Order, along with an order that revoked Bower's insurance producer's license.

¶8 The Hearing Examiner conducted a contested case hearing in January 2005, held the hearing in abeyance, and continued it in March 2007. Bower represented himself during the January 2005 portion of the hearing. The Securities and Insurance Departments presented their cases, including extensive testimony from the elderly people and their families. Bower objected on several occasions to certain testimony, but he later withdrew his objections.

¶9 Bower filed a motion for judgment as a matter of law on February 22, 2007. Bower claimed that the Departments of Securities and Insurance had not met their burdens of proof because "inadmissible hearsay is not permitted to determine whether substantial evidence exists." Bower claimed that the January 2005 hearing transcript was "riddled" with hearsay testimony. Bower discussed the testimony of a variety of witnesses and explained why he believed that the testimony was inadmissible hearsay. Bower did not point to any instances, however, where he had objected to the testimony during the hearing. The Hearing Examiner denied the motion.

¶10 Bower appeared with counsel during the March 2007 portion of the hearing. Bower's counsel presented his case-in-chief. Neither Bower, nor his counsel, objected to any alleged hearsay testimony either during the January 2005 or the March 2007 portions of the hearing.

¶11 The Hearing Examiner issued his proposed decision on September 28, 2007, and filed corrections shortly thereafter. The Hearing Examiner concluded that Bower had "used fraudulent and coercive tactics, was untrustworthy, financially irresponsible, and a source of

4

injury," and that Bower had committed numerous acts of fraud. The Hearing Examiner also observed that "[b]y rendering advice regarding the value and sale of a certificate of deposit . . . that would result in compensation to Bower, Bower acted as an unregistered investment advisor in violation of § 30-10-201(3), MCA." The Hearing Examiner subsequently revoked Bower's insurance producer license for five years and fined Bower for his violations of securities and insurance laws.

¶12    The State Auditor, in his capacity as Commissioner of Securities and Insurance, issued a scheduling order and informed Bower that he was entitled to file written exceptions, support his exceptions with briefs, and present oral argument. The order stated that "[t]he parties are not required to file exceptions." Bower failed to file any exceptions or objections to the Hearing Examiner's proposed decision. The Commissioner issued the final agency decision on December 5, 2007, and adopted the Hearing Examiner's Proposed Findings of Fact, Conclusions of Law, and Order.

¶13    Bower filed a petition for judicial review on February 6, 2008. Bower's petition alleged that the Commissioner's final agency decision had been "improperly based upon unreliable hearsay and therefore not supported by substantial evidence." Bower discussed testimony from various witnesses at trial and argued that the testimony constituted inadmissible hearsay. Bower did not identify any specific instances where he had objected to the testimony at the hearing.

¶14    The District Court denied Bower's petition. The court denied the petition for "lack of subject matter jurisdiction, as [Bower] failed to exhaust his administrative remedies." The court noted that Bower had failed to file exceptions to the Hearing Examiner's proposed

decision, and that the Commissioner subsequently had adopted the Hearing Examiner's decision. The District Court also concluded that "a review of the record establishes that the Hearing Officer relied upon substantial evidence in finding that [Bower] violated securities and insurance law." The District Court denied Bower's motion to alter or amend the judgment. Bower appeals.

## STANDARD OF REVIEW

¶15 This Court reviews a district court's decision on judicial review of an agency decision to determine whether the findings are clearly erroneous and whether the conclusions of law are correct. *See e.g. O'Neill v. Department of Revenue*, 2002 MT 130, ¶ 10, 310 Mont. 148, 49 P.3d 43.

## DISCUSSION

¶16 *Did the District Court correctly conclude that substantial evidence supports the finding that Bower had violated securities and insurance laws?*

¶17 Bower argues that the District Court improperly determined that he had failed to exhaust his administrative remedies. He contends that the ambiguous nature of the Commissioner's order regarding his need to file exceptions to the Hearing Examiner's proposed decision warrants judicial review of the final agency decision.

¶18 We recognize the potentially ambiguous nature of the Commissioner's order. The order stated that "[t]he parties are not required to file exceptions." We need not address the issue of whether Bower's failure to exhaust his administrative remedies deprived the court of subject matter jurisdiction, however, in light of our resolution of the second issue.

6

¶19     Bower argues on appeal that the Commissioner's findings of fact and conclusions of law are "improperly based upon unreliable hearsay and therefore not supported by substantial evidence." Bower, with little supporting analysis, claims that the Commissioner failed to meet his burden because the testimony of the Commissioner's witnesses "was uncorroborated, hearsay, and, most importantly, contradicted by the testimony of the alleged victims." Bower recites the testimony of the Commissioner's witnesses, points out various perceived flaws, and summarily concludes that no substantial evidence supports the Commissioner's findings of fact and conclusions of law.

¶20     Bower failed to object to the admission of the alleged hearsay evidence during the hearing. We repeatedly have held that the complaining party must make a timely objection or motion to strike and state the specific grounds for its objection in order to preserve an objection to the admission of evidence for purposes of appeal. *Nelson v. Farmers Union Mut. Ins. Co.*, 2003 MT 101, ¶ 32, 315 Mont. 268, 68 P.3d 689. A timely objection must be made as soon as the grounds for the objection are apparent. *Id.* (citing *Schuff v. Jackson*, 2002 MT 215, ¶ 30, 311 Mont. 312, 55 P.3d 387). Failure to make a timely objection constitutes waiver of the right to claim error on appeal. *Id.*

¶21     The Hearing Examiner admitted *without objection* the testimony that Bower now claims constitutes inadmissible hearsay. Bower first objected to any of the testimony he terms "inadmissible hearsay" in his motion for judgment as a matter of law. Bower filed his motion on February 22, 2007—well after the Commissioner's witnesses had testified in January 2005. Bower's failure to object to the admission of the testimony at the time of its admission at the hearing constitutes waiver of his right to claim error on appeal. *See id.* The

7

District Court correctly concluded that substantial evidence supports the finding that Bower had violated securities and insurance laws.

¶22   Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON