# FILED

December 18 2012

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 12-0102

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 291

RICHARD SIEBKEN,

      Plaintiff and Appellant,

  v.

HENRY VODERBERG,

      Defendant and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDV- 2009-225
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Geoffrey C. Angel, Angel Law Firm, Bozeman, Montana

      For Appellee:

          Gary L. Walton, Maggie Sullivan Braun, Walton & Luwe, Butte, Montana

Submitted on Briefs:  October 2, 2012

Decided:  December 18, 2012

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     Richard Siebken, an on-duty law enforcement officer with the Federal Reserve Bank in Helena, Montana, was injured in an altercation on the Bank premises with Henry Voderberg in December 2004. In March 2009, Siebken sued Voderberg for negligence. Voderberg moved for summary judgment, arguing the three-year statute of limitations had expired by the time the complaint was filed. The First Judicial District Court agreed and granted Voderberg's motion. Siebken appeals. We reverse and remand.

## ISSUES

¶2     A restatement of the issues on appeal is:

¶3     Did the District Court err in granting Voderberg's motion for summary judgment?

¶4     Did the District Court err in denying Siebken's cross-motion for partial summary judgment?

## FACTUAL AND PROCEDURAL BACKGROUND

¶5     On or around December 11, 2004, Richard Siebken, while on duty as a law enforcement officer with the Federal Reserve Bank in Helena, Montana, was involved in an altercation with Henry Voderberg who had trespassed onto the Federal Reserve property while intoxicated. Later that evening, Siebken experienced a mild headache for which he took over-the-counter medication. At that time, he was unaware that he had suffered a neck injury.

¶6     In January 2005, Siebken notified his employers that he believed his twelve-pound gun belt was causing severe back pain. In April 2005, he filed a workers' compensation claim with Liberty Northwest Mutual Insurance, the Federal Reserve Bank's workers'

compensation insurer, for this back pain, claiming it was a work-related occupational disease. This was the first of two workers' compensation claims he filed and it was denied.

¶7 Between February and May 2005, Siebken saw physicians at Mountain View Medical Clinic several times for treatment of his back pain which he attributed to the weight of his gun belt. The physicians could not identify the problem or provide an effective treatment solution. Liberty Northwest referred him to Helena Orthopedics. When the doctor at Helena Orthopedics was unable to identify the problem, Siebken was sent to Dr. Peter Sorini in July 2005.

¶8 Sorini's notes from Siebken's initial appointment reflect that Siebken was seeking treatment for back pain "the onset [of which] has been gradual (since December, approximately, associated with wearing a gun belt at work.)" Sorini ordered multiple MRIs in an effort to diagnose the source of Siebken's pain. In August 2005, Siebken met with Sorini to review the MRI results. At that time, Siebken told Sorini that he had not been involved in any car accidents or falls. He mentioned, however, that he had had to arrest someone several months earlier but there had been no fight and he did not consider that altercation to be the source of his pain. Siebken claims he never told Sorini that he was injured during the altercation with Voderberg because he did not know he was. According to Siebken, Sorini suggested that they concentrate on getting Siebken better and then try to discern the source of the problem.

¶9 Based upon the MRIs, Sorini believed surgery was required but sent Siebken to Dr. Speth for a second opinion. On September 8, 2005, Speth examined Siebken without

discussing his thoughts or opinions. On that same day, Speth sent a follow-up letter to Sorini but did not send a copy of the letter to Siebken. In this letter, Speth referenced a "[January/February 2005] altercation at the bank which exacerbated [Siebken's] neck pain."

¶10    Also in August 2005, Siebken's health insurer CIGNA sought medical information pertaining to Siebken. A Disability Management Solutions Medical Request Form was completed by Sorini on September 13, 2005. Sorini indicated on the form that Siebken's health condition was work-related and the condition began in December 2004. Siebken was not provided with a copy of this form.

¶11    Siebken saw Sorini again on September 19, 2005. In Sorini's office notes for that visit, Sorini reported that Siebken had displayed evidence of symptomless stenosis "until the work incident of January 2005." Then, in a separate CIGNA Family and Medical Leave Act Form completed by Sorini on September 21, 2005, Sorini indicated the condition began in December 2004.

¶12    In October 2005, Siebken underwent spinal surgery which rendered him totally and permanently disabled and unable to work. At a post-operative doctor visit on May 26, 2006, Siebken told Sorini the details of the altercation with Voderberg. Siebken claims the doctor advised him at this time that the altercation probably caused the neck injury and the subsequent need for surgery.

¶13    On July 3, 2006, Siebken filed a second workers' compensation claim seeking benefits from Liberty Mutual for his neck injury. Liberty Mutual denied the claim and the matter was heard by the Workers' Compensation Court (WCC). The WCC noted that

4

Siebken and Liberty Mutual stipulated that Siebken became aware on May 26, 2006, that his injury was caused by an altercation with "a private citizen" on December 11, 2004. Therefore, using May 26, 2006, as the date Siebken learned of the origin of his injury, the WCC denied his workers' compensation claim because it was time-barred. *Siebken v. Liberty N.W. Ins. Co.*, 2007 MTWCC 48 (*Siebken WCC*). The court held that it had not been filed within 30 days of May 26 as required by the applicable statute. Siebken appealed to this Court and we affirmed the WCC. *Siebken v. Liberty Mut. Ins. Co.*, 2008 MT 353, 346 Mont. 330, 195 P.3d 803 (*Siebken I*).

¶14 On March 18, 2009, Siebken filed a complaint against Voderberg alleging negligence and seeking special and general damages. On June 9, 2009, he filed an amended complaint. Discovery ensued. Notably, Sorini was deposed on May 26, 2011, and questioned about his reference in the September 19 medical notes to a work incident in January 2005. Sorini corrected himself and said he meant December 2004. Upon further questioning he was unsure whether he was referring to Siebken's gun-belt-related pain or his altercation with Voderberg, both of which occurred in December 2004. He stated, however, that he was not sure that he knew about the Voderberg incident on September 19.

¶15 Following months of discovery, Voderberg moved for summary judgment on the basis that Siebken's claim was barred by the statute of limitations. Siebken then moved for partial summary judgment on liability, arguing that the undisputed facts established that Voderberg's negligence caused his injuries. The District Court held a summary judgment hearing on January 11, 2012. Relying upon the CIGNA insurance documents

5

and Sorini's deposition testimony and medical notes, the District Court concluded that Siebken considered the incident with Voderberg significant enough to report it to Sorini as early as the fall of 2005. The court thus concluded the three-year statute of limitations began running at some time in the fall of 2005, rendering March 19, 2009, when Siebken filed his complaint against Voderberg, beyond the three-year statute of limitations. Accordingly, the District Court granted Voderberg's motion for summary judgment and denied Siebken's motion for partial summary judgment. Siebken appeals. We reverse and remand.

## STANDARD OF REVIEW

¶16 We review a district court's grant of summary judgment de novo, applying the same criteria as the district court. A district court properly grants summary judgment only when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Renville v. Fredrickson*, 2004 MT 324, ¶ 9, 324 Mont. 86, 101 P.3d 773.

## DISCUSSION

¶17 *Did the District Court err in granting Voderberg's motion for summary judgment?*

¶18 The applicable three-year statute of limitations is codified at § 27-2-204, MCA, and provides that an action founded in tort must be filed within three years of accrual of the cause of action. As provided in § 27-2-102(3), MCA, the period of limitation does not begin on any cause of action for an injury to a person until the facts constituting the claim have been discovered or should have been discovered by the injured person if the facts constituting the claim are concealed or self-concealing. It was agreed by the parties

6

in this case that Siebken's injury was, by its nature, self-concealing for a period of time. Therefore, the District Court was required to determine when Siebken discovered that his injury was caused by Voderberg. If it was between March 18, 2006, and March 18, 2009—the day he filed his complaint—his action was timely filed. If, however, he discovered that his altercation with Voderberg caused his injury before March 18, 2006, then his action was time-barred. As noted above, the District Court determined that Siebken discovered that his injury had been caused by Voderberg by September 2005, and therefore had filed his complaint after the statute of limitations had expired.

¶19 Siebken argues on appeal that the evidence supports a finding that it was not until May 26, 2006, that he learned that his altercation with Voderberg was the source of the injury that led to surgery and disability.

¶20 We reverse the decision of the District Court not because we conclude Siebken did file a timely action, but because we conclude the matter should not have been decided on summary judgment. Summary judgment is proper only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. M. R. Civ. P. 56(c). As noted above, we review a district court's summary judgment ruling de novo. *Renville*, ¶ 9. A de novo review affords no deference to the district court's decision and we independently review the record, using the same criteria used by the district court to determine whether summary judgment is appropriate. *Renville*, ¶ 9. Additionally, all reasonable inferences which may be drawn from the offered proof must be drawn in favor of the party opposing summary judgment. *Renville*, ¶ 9.

¶21 Our review of the record leads us to conclude that genuine issues of material fact exist. Siebken testified that he was first told by Sorini on May 26, 2006, that his altercation with Voderberg was likely the source of his injury. Sorini's initial office record refers to a complaint of pain associated with the gun belt, and his subsequent notes and deposition testimony do not clearly establish when he might have first concluded—or disclosed to Siebken—that the altercation and not the gun belt was the likely source of Siebken's problems. Although there are references in some records to a December 2004 incident, these records are inconclusive and open to more than one interpretation.

¶22 Importantly, the court was also presented with Siebken's firm recollection of the date upon which he first learned that his injury was likely related to the altercation at the Bank. Siebken's sworn recollection was bolstered by the fact that he stipulated during his WCC case in 2007—almost two years before the present case was filed—that it was May 26, 2006, that he learned his condition was likely related to the Voderberg altercation. The District Court's conclusion that there was no material issue of fact as to the date he learned the cause of his injury ignored Siebken's historically consistent statements to the contrary. In sum, the evidence on when Siebken's cause of action accrued was plainly conflicting.

¶23 As we noted in *Nelson v. Nelson*, 2002 MT 151, ¶ 24, 310 Mont. 329, 50 P.3d 139, "The rule in Montana, and in the majority of jurisdictions, is that when there is conflicting evidence as to when a cause of action accrued, the question of whether an action is barred by the statute of limitations is for the jury to decide." *See also Werre v. David*, 275 Mont. 376, 384, 913 P.2d 625, 630 (1996), in which we stated with respect to

8

determining the time of the accrual of a cause of action, "[i]t is within the province of the jury to resolve conflicts in the evidence."

¶24 Because the evidence of when the statute of limitations began to run on Siebken's claim against Voderberg is conflicting, we reverse the order of summary judgment in favor of Voderberg and remand for a trial by jury.

¶25 *Did the District Court err in denying Siebken's cross-motion for partial summary judgment?*

¶26 The District Court did not rule on Siebken's motion for partial summary judgment on liability because the court concluded that Siebken's cause of action was barred as a matter of law. We will not render judgment on an issue the District Court has not yet addressed. This issue may be decided on its merits upon remand.

## CONCLUSION

¶27 For the foregoing reasons, we reverse the District Court's grant of Voderberg's motion for summary judgment and remand for trial.

/S/ PATRICIA COTTER

We concur:

/S/ MIKE McGRATH
/S/ BRIAN MORRIS
/S/ JIM RICE
/S/ BETH BAKER
/S/ MICHAEL E WHEAT

9