FILED

October 13 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0727

DA 14-0727

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 296

RICHARD SIEBKEN,

Plaintiff and Appellant,

v.

HENRY VODERBERG,

Defendant and Appellee.

APPEAL FROM:  District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDV 09-225
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Geoffrey C. Angel, Angel Law Firm, Bozeman, Montana

For Appellee:

Gary L. Walton, Walton & Luwe, Butte, Montana

Submitted on Briefs:  August 19, 2015
Decided:  October 13, 2015

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1     Richard Siebken appeals a jury verdict and judgment rendered in favor of Henry Voderberg in the First Judicial District Court, Lewis and Clark County. We restate the issues on appeal as follows:

> *1. Whether Siebken is entitled to a new trial because the District Court allowed into evidence a letter from Dr. Speth to Dr. Sorini regarding Siebken's medical history and diagnosis.*
>
> *2. Whether Siebken is entitled to a new trial because the District Court erroneously instructed the jury on the statute of limitations governing Siebken's claim.*
>
> *3. Whether substantial evidence supported the jury verdict.*

¶2     We affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3     This matter has been before this Court on a previous occasion. *Siebken v. Voderberg*, 2012 MT 291, 367 Mont. 344, 291 P.3d 572 (hereinafter *Siebken I*). In *Siebken I*, this Court reversed the District Court's conclusion on summary judgment that the statute of limitations barred the action. On remand, the primary factual dispute at trial was when the three-year statute of limitations began running on Siebken's negligence claim. Because the background facts are delineated in *Siebken I*, we restate the facts only briefly.

¶4     Siebken was on duty as an officer at the Federal Reserve Bank in Helena, Montana on December 11, 2004, when he had a physical altercation with Voderberg. Voderberg was trespassing across Bank property on his way home from an evening with friends and refused to cooperate with Siebken's commands. Siebken and other officers forcibly

2

handcuffed Voderberg. Siebken claims that the incident resulted in a spinal injury, leaving him permanently and totally disabled and unable to work. Siebken filed his complaint for damages against Voderberg on March 18, 2009.

¶5 At trial, Siebken testified that he had a headache immediately following the incident, which he attributed to exertion from the struggle. Later, Siebken began experiencing back pain. Between February and May 2005, Siebken saw physicians at Mountain View Medical Clinic several times for treatment. In July 2005, Siebken first consulted with Dr. Peter Sorini, a neurosurgeon in Anaconda, Montana. Siebken told Dr. Sorini his lower back pain began in December 2004. Dr. Sorini ordered an MRI, the results of which were discussed during an August 18, 2005 appointment. The results showed that Siebken's lower back pain resulted from compression of the spinal cord by the vertebrae in his neck.

¶6 Siebken's wife Valerie accompanied him to both the July and August 2005 appointments. Valerie testified that she, Dr. Sorini, and Siebken discussed possible causes of the neck injury during the August 2005 appointment. Valerie testified that she brought up the December 2004 altercation because she thought "there was no other possibility of anything that would be considered traumatic enough for that kind of an injury."

¶7 Dr. Sorini referred Siebken to Dr. Steven Speth for a second opinion regarding surgical options. Dr. Speth concurred with Dr. Sorini's recommendation for surgery and, in a September 8, 2005 letter to Dr. Sorini, stated, "In January/February [Siebken] was involved in an altercation at the bank which exacerbated his neck pain." On

3

September 19, 2005, Siebken returned to Dr. Sorini for a pre-surgery consultation. The record for this visit similarly referenced a January 2005 incident. Dr. Sorini testified by deposition that by September 2005, he had concluded that Siebken's neck issues were caused by an incident in December 2004 and any reference to a January 2005 incident was a typographical error.

¶8 Dr. Sorini performed surgery on Siebken's neck in October 2005. Siebken testified that it was not until a post-surgery follow-up appointment on May 26, 2006, that he first learned from Dr. Sorini a causal connection between the December altercation and his neck injury, and the need to seek legal counsel.

¶9 The jury returned a defense verdict after finding that Siebken's claims were barred by the statute of limitations. The District Court entered judgment in favor of Voderberg on October 30, 2014.

## STANDARDS OF REVIEW

¶10 We review a district court's decisions regarding jury instructions and evidentiary rulings for an abuse of discretion. *Ammondson v. Nw. Corp.*, 2009 MT 331, ¶ 30, 353 Mont. 28, 220 P.3d 1; *City of Missoula v. Duane*, 2015 MT 232, ¶ 10, 380 Mont. 290, 355 P.3d 729.

¶11 We generally do not consider issues raised for the first time on appeal. *Dambrowski v. Champion Int'l Corp.*, 2000 MT 149, ¶ 29, 300 Mont. 76, 3 P.3d 617 (citation omitted). This rule "applies to both substantive and procedural matters, as well as to a change in a party's theory of the case." *Hansen Trust v. Ward*, 2015 MT 131, ¶ 19, 379 Mont. 161, 349 P.3d 500 (quoting *Day v. Payne*, 280 Mont. 273, 276, 929 P.2d

4

864, 866 (1996)). We will not review a claimed error in a jury instruction absent a specific objection before the trial court. *Nott v. Booke*, 194 Mont. 251, 255, 633 P.2d 678, 680 (1981).

¶12 We uphold a jury's verdict against a challenge to the sufficiency of the evidence if, viewing the evidence in a light most favorable to the prevailing party, there is substantial evidence to support the fact-finder's determination. *Murray v. Whitcraft*, 2012 MT 298, ¶ 7, 367 Mont. 364, 291 P.3d 587. Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion, even if weak and conflicting. *Teton Coop. Reservoir Co. v. Farmers Coop. Canal Co.*, 2015 MT 208, ¶ 16, 380 Mont. 146, 354 P.3d 579.

## DISCUSSION

¶13 *1. Whether Siebken is entitled to a new trial because the District Court allowed into evidence a letter from Dr. Speth to Dr. Sorini regarding Siebken's medical history and diagnosis.*

¶14 The September 8, 2005 letter from Dr. Speth to Dr. Sorini included the following statement: "In January/February [Siebken] was involved in an altercation at the bank which exacerbated his neck pain." On appeal, Siebken argues that the District Court erred in admitting the letter without a showing of authenticity or foundation and without an appropriate hearsay exception.

¶15 Neither Dr. Speth nor Dr. Sorini testified in person at trial, but both appeared by deposition. Siebken objected to portions of Dr. Speth's and Dr. Sorini's depositions on authenticity, hearsay, and foundation grounds. The District Court overruled Siebken's foundation and authenticity objection to the Speth letter on the basis that he made no

5

contemporaneous objection during the deposition. Siebken's trial objection to the letter did not include a hearsay objection.

**Foundation & Authenticity**

¶16 Siebken did not object to the foundation or authenticity of the letter during Dr. Speth's deposition. Siebken waited until the morning of trial and during trial to object to the letter on those grounds. The District Court overruled Siebken's objections, ruling that because there was no objection to the foundation or authenticity of the letter at the deposition, the letter would be admitted.

¶17 M. R. Civ. P. 32 governs the use of depositions in court proceedings and addresses a party's waiver of objections. M. R. Civ. P. 32(b) provides that "an objection may be made at a hearing or trial to the admission of any deposition testimony that would be inadmissible if the witness were present and testifying." Rule 32(b) is subject to several exceptions set forth in subsection (d), under which objections may be deemed waived. Rule 32(d)(3)(A) provides that a party does not waive an objection "to a deponent's competence—or to the competence, relevance, or materiality of testimony . . . by [failing] to make the objection before or during the deposition, *unless the ground for it might have been corrected at that time.*" (emphasis added). The principle underlying this exception "is to require defects in the taking of depositions to be pointed out promptly on pain of waiver . . . [in order] to give the erring party an opportunity to correct the mistake, and to prevent waste of time and money . . . ." *Olson v. Shumaker Trucking & Excavating Contrs., Inc.*, 2008 MT 378, ¶ 44, 347 Mont. 1, 196 P.3d 1265 (quoting Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* Ch. 6,

§ 2153 (2d ed. 1994)). If a foundational objection could have been corrected during a deposition, it is waived at trial by failing to bring it contemporaneously with the deposition. *Olson*, ¶¶ 43-44.

¶18 In this case, Siebken waived any subsequent foundational or authenticity objections to the letter when he failed to object to it on those grounds during the depositions. Both Dr. Speth and Dr. Sorini were questioned about the letter during their depositions. Issues related to the authenticity and foundation of the letter and whether it was written, sent, and received "might have been corrected" during the doctors' depositions. The depositions reveal in any event the letter's authenticity and foundation. Dr. Speth had the letter in his medical records, identified it, and was questioned extensively about it during his deposition. At his deposition, Dr. Sorini also was shown and questioned about the letter and confirmed that he had indeed received it from Dr. Speth. Therefore, the District Court did not abuse its discretion when it overruled Siebken's foundation and authenticity objections.

**Hearsay**

¶19 Voderberg argues that Siebken did not preserve his hearsay objection because he failed to object on that basis at trial. M. R. Evid. 103(a)(1) provides that error may not be predicated on the admission of evidence unless the objection was timely and states the grounds for the objection. "We repeatedly have held that the complaining party must make a timely objection or motion to strike and state the specific grounds for its objection in order to preserve an objection to the admission of evidence for purposes of appeal." *In re Bower*, 2010 MT 19, ¶ 20, 355 Mont. 108, 225 P.3d 784 (quoting *Nelson v. Farmers*

7

*Union Mut. Ins. Co.*, 2003 MT 101, ¶ 32, 315 Mont. 268, 68 P.3d 689). We will not reverse a district court when it was not given an opportunity to correct the error alleged. *Kinsey-Cartwright v. Brower*, 2000 MT 198, ¶ 19, 300 Mont. 450, 5 P.3d 1026. Pre-trial motions may relieve a party of the obligation to object contemporaneously at trial, but only if the motion is "sufficiently specific as to the basis for the objection." *State v. Vukasin*, 2003 MT 230, ¶¶ 27-29, 317 Mont. 204, 75 P.3d 1284; *State v. Stock*, 2011 MT 131, ¶ 45, 361 Mont. 1, 256 P.3d 899. "Broad, general objections do not suffice." *Vukasin*, ¶ 38 (quoting *State v. Weeks*, 270 Mont. 63, 85, 891 P.2d 477, 490 (1995)).

¶20 In the Final Pre-trial Order, Siebken's contentions included an objection to "all Defendant's exhibits on foundation, authenticity, hearsay, insurance, collateral source, and prejudice." Siebken repeated this same list of objections to each of Voderberg's exhibits in an attached exhibit list. The exhibit list did not specifically identify the letter, but did identify both doctors' "medical records."

¶21 On the morning of trial, the District Court received Siebken's additional written objections for the doctors' depositions and associated records. Both depositions were taken in 2011—over three years before trial. The District Court noted "for the record" that Siebken's objections were "way, way late." The court discussed the objections with counsel outside the presence of the jury and decided that, given the late timing of the objections, it would "hav[e] [Siebken] make the objections on the record [during the trial proceeding] and . . . [the court would] have to rule at that time." When Siebken objected to the letter at trial, he raised no hearsay objection. In response to Siebken's objection, Voderberg argued that the letter was admissible under an exception to the hearsay rule.

8

Siebken's counsel then stated, "our objection is to the authenticity, the foundation of the records." The District Court overruled the objection. Although Siebken did not expressly state a hearsay objection, Voderberg included a response to Siebken's written objection on that ground. The District Court had an opportunity to consider whether the letter was hearsay and we will consider the merits of Siebken's claim.

¶22 M. R. Evid. 801(c) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." A statement is hearsay "only when the immediate inference the proponent wants to draw is the truth of the assertion on the statement's face. If the proponent can demonstrate that the statement is logically relevant on any other theory, the statement is nonhearsay." Edward J. Imwinkelried, *Evidentiary Foundations*, 153 (1980). For example, a statement offered for the purpose of showing that the statement was made and the resulting state of mind is properly admitted. *Moats Trucking Co. v. Gallatin Dairies,* 231 Mont. 474, 479, 753 P.2d 883, 886 (1988) (citing *Brown v. Homestake Exploration Corp.*, 98 Mont. 305, 340, 39 P.2d 168, 179 (1934) (quoting J.H. Wigmore, *Wigmore on Evidence* § 1789 (2d ed. 1915))).

¶23 In *Cartwright v. Scheels All Sports, Inc.*, 2013 MT 158, ¶ 50, 370 Mont. 369, 310 P.3d 1080, we held that testimony from the plaintiff's co-employees concerning rumors they heard about his affair was not hearsay because it was offered not to prove the existence of a love triangle, but to show the effect the rumors had on the listeners and on the defendant's workplace and business. In *Sullivan v. Continental Construction. of Montana, LLC*, 2013 MT 106, 370 Mont. 8, 299 P.3d 832, we upheld the admission of

deposition testimony from Continental Construction's managers regarding interviews they had conducted of Sullivan's co-workers. We held that the testimony, along with the accompanying interview notes, was not hearsay because it was not offered to prove the truth of the allegations against Sullivan but to explain "the basis for [Continental Construction's] decision to terminate Sullivan's employment." *Sullivan*, ¶ 34.

¶24 In contrast, in *Vincelette v. Metropolitan Life Insurance Co.*, 1998 MT 259, 291 Mont. 261, 968 P.2d 275, we held that the trial court improperly admitted a hotel maintenance engineer's testimony that he had received a radio report of a woman who had fallen in the entryway and was drunk. We rejected the hotel's argument that the testimony was not hearsay because it was offered to show the effect on the witness's state of mind and why he went to investigate. Although the report of a fallen woman was admissible for that purpose, we concluded that "the specific statement that the woman was drunk . . . served no other purpose than to prove that [the plaintiff] fell because she was drunk." *Vincelette*, ¶ 21.

¶25 The statements at issue here are more like those in *Sullivan* and *Cartwright*. Dr. Speth's letter refers to Siebken's altercation at the bank and its exacerbation of his neck pain in the section entitled, "History of Present Illness." Voderberg did not offer the letter to prove that Siebken was involved in an altercation at the bank in January or February. Voderberg offered the letter to show that the statement was made to Dr. Speth in providing Siebken's history and that Siebken was aware of the potential connection between the incident and his condition. The letter was not hearsay and the District Court properly admitted it.

¶26 *2. Whether Siebken is entitled to a new trial because the District Court erroneously instructed the jury on the statute of limitations governing Siebken's claim.*

¶27 The District Court gave the following Jury Instruction No. 18:

> If Siebken knew or should have known of facts that would have caused a reasonable person to suspect that his injuries were the result of defendant's actions before March 18, 2006, his lawsuit is barred by the applicable statute of limitations.

Siebken argues that this instruction should not have been given because it was a comment on the evidence and an incorrect statement of law that prejudiced him. Siebken claims that "suspecting" something is not the same as knowing, and the applicable statute requires discovery of the injury and its cause, rather than suspicion. Siebken asserts that because his injury was beyond the perception of a layperson and required an MRI to diagnose, he should not be expected to "suspect" an injury only a neurosurgeon could discover. Siebken concludes that because of the instruction, the jury misunderstood the law and applied an improper standard of "speculation" as opposed to knowledge.

¶28 Voderberg counters that, taken together, the jury instructions accurately describe the discovery standard. Further, Voderberg asserts that Siebken waived appellate review by failing specifically to object at trial to the legality of the instruction's phrase, "to suspect."

¶29 Defendant's Proposed Instruction Nos. 23 through 28 addressed the statute of limitations. In his written objections filed the day before trial, Siebken objected to Defendant's Proposed Instruction No. 24 (later given as Instruction No. 18), stating:

> It is *res judicata* that Officer Siebken's cervical disc herniation and symptomatic stenosis are self-concealing . . . [and] [i]f the Court gives this instruction Officer Siebken requests a question within the Special Verdict Form whether Officer Siebken's injury was self-concealing.

11

At the conclusion of his written objections, Siebken stated, "Instructions 25 to 28 seek to reiterate what is contained in Instructions 23 and 24, are cumulative, confusing or just misstate the law. The Court should reject Defendant's Proposed Instructions 1, 20, 22, and 25 to 28." At trial, Siebken objected to Defendant's Proposed Instruction No. 24 on the same grounds as in his written objection. The District Court overruled that objection but did refuse Defendant's Proposed Instruction No. 28 following Siebken's objection to it on the ground that it was cumulative of the other statute of limitations instructions.

¶30   Rule 51 provides that a party may only assign as error "an error in an instruction actually given, if that party properly objected" to the instruction. M. R. Civ. P. 51(d)(1)(A). The same rule provides, "A party who objects to an instruction . . . must do so on the record, stating distinctly the matter objected to and the grounds for the objection." M. R. Civ. P. 51(c)(1). This Court consistently has concluded that a party is barred from challenging an instruction on appeal for reasons not raised before the trial court. *Nott*, 194 Mont. at 255, 633 P.2d at 680 (concluding that an objection to an instruction on grounds that the instruction is an incorrect statement of the law without specifying the defect is insufficient and will not be reviewed); *Reno v. Erickstein*, 209 Mont. 36, 45-46, 679 P.2d 1204, 1209 (1984) (concluding that plaintiff's objection to a jury instruction on grounds that cost of repair was not in the pleadings did not preserve plaintiff's ability to challenge the same instruction on grounds that the instruction improperly conveyed the idea that the defendant had no liability insurance); *Greytak v. RegO Co.*, 257 Mont. 147, 152, 848 P.2d 483, 486 (1993) (concluding that plaintiff's

12

general objection to instructions did not preserve a specific objection based on the sufficiency of the instruction for appeal).

¶31 Although Siebken did object to some of the Defendant's Proposed Instructions as cumulative or as a comment on the evidence, he did not object to Instruction No. 18 on either basis. Further, Siebken said nothing about Instruction No. 18 as misstating the law concerning discovery of the facts constituting his claim. Consequently, counsel did not discuss and the District Court did not have the opportunity to consider whether the instruction properly reflected the discovery rule. Siebken's objection to Instruction No. 18 "did not advise the District Court of any specific defect" in the law set forth in the instruction, and we conclude that he failed to preserve this objection for appeal. *Wilhelm v. Great Falls*, 225 Mont. 251, 258, 732 P.2d 1315, 1320 (1987). We decline to review this argument and we offer no opinion on the merits of Instruction No. 18. Siebken is not entitled to a new trial on this ground.

¶32 *3. Whether the jury verdict was supported by substantial evidence.*

¶33 "Where the record presents conflicting evidence, resolved by the jury, this Court is precluded from disturbing the verdict." *Murray*, ¶ 7 (quoting *Lauman v. Lee*, 192 Mont. 84, 88-89, 626 P.2d 830, 833 (1981)). It is not the Court's job to agree or disagree with the jury's verdict and "consequently, if conflicting evidence exists, we do not retry the case because the jury chose to believe one party over the other." *Murray*, ¶ 26 (quoting *Ele v. Ehnes*, 2003 MT 131, ¶ 25, 316 Mont. 69, 68 P.3d 835). "Once we conclude that substantial evidence supports the verdict, our inquiry is complete." *Cartwright v. Equitable Life Assurance Soc'y of the U.S.*, 276 Mont. 1, 23, 914 P.2d 976, 990 (1996).

13

¶34   Siebken argues that the jury verdict was not supported by substantial evidence under the "Court's confusing instructions," and that there is insufficient evidence that Siebken knew or should have known the cause of his neck injury. As discussed in Issue Two, Siebken waived his objection to the instructions. Because his sufficiency of evidence claim is predicated on the instructions, and based upon this Court's review of the record, we decline to disturb the verdict.

## CONCLUSION

¶35   For the foregoing reasons, the judgment of the District Court is affirmed.


/S/ BETH BAKER

We concur:


/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ JIM RICE

Justice James Jeremiah Shea recused himself.

Justice Patricia Cotter, concurring.

¶36   I concur in the Court's decision to affirm the jury verdict and judgment. I write separately to offer additional comments with respect to M. R. Civ. P. 32(d)(3)(A), and to register my disagreement with the jury instruction that is the subject of Issue Two.

¶37   It is apparent from the record that counsel for the plaintiff did not anticipate at the time the physicians' depositions were taken that the depositions would be read into evidence at trial in lieu of live testimony. As is sometimes the case, it turned out that neither Dr. Speth nor Dr. Sorini was available to testify at trial, and therefore their

14

depositions were offered. During trial, Siebken objected to the admission of the Speth letter on foundation and authenticity grounds. Counsel for the defendant argued in response that any foundation objections to deposition testimony are waived if not made during the deposition, citing *Olson v. Shumaker.* In other words, waiver was presented in the District Court as the rule, not the exception.

¶38 In *Olson,* we said: "Rule 32(d)(3)(A) provides that a party waives objections to a witness's competency or the competency, relevancy, or materiality of testimony, if not made at the deposition if 'the ground of the objection is one which might have been obviated or removed if presented at that time.'" This turn of phrase seemingly conveys a presumption in favor of waiver when the rule actually provides that an objection is not waived except under certain limited circumstances.

¶39 Our interpretation of Rule 32(d)(3)(A) in *Olson* has prompted expressions of concern from the trial bar. I write separately here to underscore that the *rule* is that the objections noted in the rule are not waived by failure to make them during the deposition; the *exception* is where the ground for the objection could have been corrected or resolved during the deposition.

¶40 In the case at hand, I cannot disagree with the Court's conclusion that any objections related to the authenticity of or foundation for the Speth letter could have been resolved had the objections been raised during the physicians' depositions. Determining post hoc whether grounds for objections relating to the relevance or materiality of testimony "might have been corrected" had the objections been raised during a deposition presents a much trickier question. Unless and until Rule 32(d)(3)(A) is revised, however, it will remain the task of this Court to apply the language of the rule as written. Therefore, if there is a possibility that a subject deposition may end up being read into evidence at trial in lieu of live testimony, lawyers should take care during that deposition to interpose objections as to a deponent's competence or the competence, relevance, or materiality of the evidence offered during the deposition, should it appear that such objections could be resolved or corrected if raised at that time.

15

¶41     I also write to register my objection to Jury Instruction No. 18.  The Court declines to offer an opinion on the merits of this instruction.  Opinion, ¶ 31.  My opinion is that it is an erroneous statement of the law.  There is a qualitative difference between what one knows or discovers, and what one suspects.  We have held that "mere suspicion may not constitute discovery."  *Mobley v. Hall*, 202 Mont. 227, 233, 657 P.2d 604, 607 (1983) and *Christian v. Atl. Richfield Co.*, 2015 MT 255, ¶ 66, 380 Mont. 495, ___ P.3d ___. Because Instruction No. 18 improperly blends knowledge and suspicion, I believe it would be error for any court to give this instruction.

¶42     With these caveats, I concur.


                                   /S/ PATRICIA COTTER



Justice Laurie McKinnon joins in the concurrence of the Opinion.


                                   /S/ LAURIE McKINNON