**FILED**

February 9 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0042

DA 15-0042

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 31N

IN THE MATTER OF

T. A. D.,

    A Youth.

APPEAL FROM:    District Court of the Ninth Judicial District,
In and For the County of Pondera, Cause No. DJ 14-03
Honorable Robert G. Olson, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Colin M. Stephens, Smith & Stephens, P.C.; Missoula, Montana

    For Appellee:

        Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss,
Assistant Attorney General; Helena, Montana

        MaryAnn D. Ries, Pondera County Attorney; Conrad, Montana

Submitted on Briefs:  January 13, 2016

Decided:  February 9, 2016

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    T.A.D. appeals from a dispositional and restitution order from the Ninth Judicial District Court, Pondera County.  T.A.D. argues that his right to confront witnesses against him, as guaranteed under the U.S. and the Montana Constitutions, was violated during the restitution hearing.  This case is a companion to a simultaneous delinquent youth proceeding that arose from the same facts, and was appealed on similar grounds. *See In re D.G.J.*, 2015 MT 347N, __ Mont. __, __ P.3d __.  We affirm.

¶3    The facts of this matter, arising out of a series of vehicular break-ins and thefts, are set forth in *In re D.G.J.*, ¶¶ 3-4.  The State filed petitions against both involved youths, seeking to name them as delinquent youths on the grounds that their actions, if committed by an adult, would constitute criminal offenses.  The Petition alleged that T.A.D. had perpetrated conduct which would constitute felony Theft by Accountability, in violation of §§ 45-2-301 and 45-6-301, MCA (2013), misdemeanor Criminal Trespass to Vehicles by Accountability, in violation of §§ 45-2-301 and 45-6-202, MCA (2013), and misdemeanor Theft by Accountability, in violation of §§ 45-2-301 and 45-6-301, MCA (2013).  After the parties reached an agreement on the charges, the State dismissed

the felony Theft count, and T.A.D. entered a no contest plea to each of the two misdemeanor counts. The youth court accepted the no contest pleas and conducted a disposition and restitution hearing.

¶4 At the hearing, only one victim of the thefts was present to give in-court testimony concerning restitution. The Chief of Police for the City of Conrad, Gary Dent (Dent), gave testimony and compiled a list of the values of the items taken from the victims. Dent testified that he had prepared the list by finding values of the stolen items in the police reports, and from talking to the victims themselves. Counsel for both youths raised wholesale continuing objections to Dent's testimony, citing "best evidence, hearsay, confrontation," which the youth court overruled. Ultimately, the youth court placed T.A.D. on probation until age 18 and imposed joint and several liability on the two youths for restitution in the amount of $888, which was substantially less than the victims had requested. T.A.D. appeals.

¶5 T.A.D. argues that because the actual victims did not testify about the value of the stolen goods, the valuation provided by Dent violated his right to confront and meaningfully cross examine witnesses, as guaranteed by the U.S. and the Montana Constitutions. A prerequisite for review by the Court requires that an argument have been properly preserved for appeal. *See In re Transfer Territory from Poplar Elementary Sch. Dist. No. 9 to Froid Elementary Sch. Dist. No. 65*, 2015 MT 278, ¶ 13, 381 Mont. 145, __ P.3d __. To properly preserve an issue for appeal, the party objecting has an "obligation . . . to make the basis and grounds for his objection clear to the court."

*State v. Weeks*, 270 Mont. 63, 85, 891 P.2d 477, 490 (1995). "We will not reverse a district court when it was not given an opportunity to correct the error alleged. . . . Broad, general objections do not suffice." *Siebken v. Voderberg*, 2015 MT 296, ¶ 19, 381 Mont. 256, 359 P.3d 1073 (citations and quotation marks omitted). T.A.D.'s trial counsel's broad one-word objection of "confrontation" at the restitution hearing failed to adequately raise the issue before the District Court for preservation of the complex, albeit well-articulated, constitutional confrontation arguments presented on appeal.

¶6 Further, we note that T.A.D.'s appellate arguments are largely theoretical in that he does not challenge the restitution amount he was ordered to pay. T.A.D. fails to show that the amount ordered by the District Court, which was substantially less than requested by the victims, is excessive or unreasonable. As the State points out, "T.A.D. does not argue on appeal that the restitution amount was arrived at in an inequitable manner, that restitution was not 'appropriate,' or even that the amount was incorrect given the evidence presented."

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶8 Affirmed.

/S/ JIM RICE

4

We concur:

/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA