FILED

March 29 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0622

DA 15-0622

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 76N

MARY E. REED,

        Petitioner and Appellee,

   v.

WILLIAM R. MACPHEAT,

        Respondent and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
                     In and For the County of Missoula, Cause No. DV-15-75
                     Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                William R. MacPheat (Self-Represented), Missoula, Montana

        For Appellee:

                Joshua S. Van de Wetering, Van de Wetering Law Offices, P.C.,
                Missoula, Montana

                              Submitted on Briefs:  February 24, 2016

                                         Decided:  March 29, 2016

Filed:

                              _____
                                         Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     This case arises from a temporary restraining order ("TRO") obtained by Mary Reed ("Reed") against William MacPheat ("MacPheat"). Reed petitioned for a TRO with assistance from the Missoula Crime Victim Advocate Program on December 24, 2014. A hearing was held on January 8, 2015, in Missoula Municipal Court, and the petition for the TRO was granted. MacPheat filed an appeal to Missoula District Court, and a hearing was held on February 20, 2015. The Missoula District Court affirmed the Municipal Court Order. MacPheat filed a notice of appeal to the Montana Supreme Court on October 15, 2015. We affirm.

¶3     We review an order to amend a temporary restraining order for abuse of discretion. *Lockhead v. Lockhead*, 2013 MT 368, ¶ 12, 373 Mont. 120, 314 P.3d 915.

¶4     Reed was MacPheat's mental health provider for several months until October 2014. Between October and December 2014, MacPheat repeatedly contacted Reed through text messages and letters. This continuous contact after Reed terminated the client relationship occasioned the eventual TRO petition. The record in this case was developed during the January 8, 2015 hearing in Missoula Municipal Court. Prior to the

hearing, MacPheat conversed with opposing counsel and reached an agreement regarding the TRO. Thereafter, MacPheat attended the hearing, and when opposing counsel introduced the negotiated agreement, MacPheat interjected to clarify elements of the proposal. At the end of the hearing, the judge invited him to add to the arrangement he had actively participated in developing. MacPheat declined to further modify the TRO and agreed to its final structure.

¶5 A few weeks after the January 8 hearing, MacPheat appealed; the District Court affirmed based on the record. Now, over a year after he had agreed to the TRO in Municipal Court, MacPheat appeals the TRO to this Court, and raises nine separate issues, some of which are novel and all of which are unsupported by the record.

¶6 Parties to a case are entitled to seek review of a municipal court order in district court, but are bound by the record developed in the lower court. Section 3-11-110(1), MCA. Further, as we have said repeatedly, as a general rule, we will not consider novel issues, or new arguments on appeal. *Siebken v. Voderberg*, 2015 MT 296, ¶ 19, 381 Mont. 256, 359 P.3d 1073; *Day v. Payne*, 280 Mont. 273, 276, 929 P.2d 864, 866 (1996). This rule exists to protect the integrity of the trial courts and the appeals process, and to ensure the fairness of litigation between parties to a suit. The rule is a hallmark of the American justice system because:

> [i]t is based on the principle that it is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider. Furthermore, it is unfair to allow a party to choose to remain silent in the trial court in the face of error, taking a chance on a favorable outcome, and subsequently assert error on appeal if the outcome in the trial court is unfavorable.

3

*Payne*, 280 Mont. at 276-77, 929 P.2d at 866. Here, MacPheat's appeal runs afoul of this rule. The electronic recording from the Municipal Court shows not only that MacPheat failed to record his objections for the court to properly address them, but also that he conclusively consented to the TRO. Consequently, there is no factual or legal basis for his appeal. As a result, we are obliged to decline to address his arguments, and based on our review of the record, we cannot agree that an abuse of discretion has occurred.

¶7     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, this case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶8     Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ JIM RICE

4